W. T. ADAMS MACHINE COMPANY v. CASTLEBERRY.

Opinion delivered December 23, 1907.

1.  FOREIGN CORPORATION—SERVICE OF PROCESS ON AGENT.—Service of process upon a travelling salesman of a foreign corporation, having no control over the business of such corporation in the county, is not sufficient to give jurisdiction. (Page 574.)

2.  PROCESS—OBJECTION—WAIVER.—Where defendant moved to quash the service of summons upon its agent, and thereafter answered, without waiving its rights under the motion, the objection to the service of process was not waived. (Page 575.)

Appeal from Scott Circuit Court; *Jeptha H. Evans,* Judge, on exchange of circuits; reversed.

STATEMENT BY THE COURT.

Suit was brought by appellee against appellant in the Scott Circuit Court to recover damages for misrepresentations made by an agent of appellant in the sale of a saw mill to appellee. A summons was duly issued, and made returnable at the next term of the court. On the 2d day of the August, 1906, term of court, to which the summons was returnable, the defendant obtained permission to appear specially for the purpose of filing a motion to quash service of summons. The order of the court (omitting the caption) is as follows:

"Comes the defendant, W. T. Adams Machine Company, by its attorney, T. N. Sanford, and asks to be permitted to appear specially for the purpose of filing motion to quash the service of the summons herein, which is by the court granted. Whereupon defendant files motion to quash service of summons herein. Motion overruled, and defendant excepts."

The grounds of the motion are as follows:

"1. Because said W. T. Adams Machine Company is a foreign·corporation, and has an agent at Plummerville, Arkansas, upon whom service should be had.

"2. Because T. W. Barnes is not such an agent as service of summons can be properly had on."

The return indorsed on summons is as follows: "State of Arkansas, County of Scott: I have this 14th day of April, 1906, duly served the within by delivering a copy and stating the substance thereof to the within-named T. W. Barnes, agent of the said within named machine company, as herein commanded. (Signed)    G. W. Grandstaff, Sheriff."

Appellant then, without waiving its right under its motion to quash service of summons, answered, denying the allegations of the complaint. There was a jury trial, and a verdict for appellee in the sum of two hundred dollars. Appellant filed a motion for a new trial, and one of the grounds therefor was that the court erred in overruling its motion to quash service of summons. The motion for a new trial was overruled, and the case is brought here by appeal.

*T. B. Pryor,* for appellant.

The motion to quash service of summons should have been sustained. 69 Ark. 429.

Hart, J., (after stating the facts.) We are met at the threshold of this case by the contention that the return of service on the summons shows no sufficient service.

There is no allegation in the complaint as to whether appellant is a partnership, a foreign  or  domestic  corporation. There is an averment, in the motion to quash service of summons, that appellant is a foreign corporation, and has an agent at Plummerville, Arkansas, upon whom service should be had, and this allegation is nowhere denied in the record. The summons was served, as shown by the return, upon "T. W. Barnes, agent." Barnes was only a traveling salesman. He had no control over the business of the corporation, and service upon him was not sufficient. *Arkansas Construction Company* v. *Mullins,* 69 Ark. 429; *Lesser Cotton Company* v. *Yates,* 69 Ark. 396.

The answer of the defendant, in the form and manner in which it was made, was not a waiver of the service of summons upon it. *Spratley* v. *La. & Ark. Ry. Co.,* 77 Ark. 412; *Union Guaranty & Trust Co.* v. *Craddock,* 59 Ark. 593; *Baskins* v. *Wylds,* 39 Ark. 347.

This view of the case renders it unnecessary to notice the other contentions made by appellant.

Judgment reversed and cause remanded, with directions to proceed in the cause; the appellant having entered his appearance by appealing in this cause.