BEAL-DOYLE DRY GOODS COMPANY *v.* ODD FELLOWS
BUILDING COMPANY.

Opinion delivered June 30, 1913.

1. CORPORATIONS—MUST BE SUED WHERE.—Under Kirby's Digest, § 6067, a domestic corporation must be sued in the county where it has its principal place of business, or where its chief officer resides; and only under Acts of 1909, p. 293, can it be sued in another county, where it has a branch office. (Page 80.)

2. JUDGMENTS—PRESUMPTION.—The presumption in favor of a judgment of a superior court, that all the prerequisites of the law have been performed, does not apply in the case of a direct attack on the judgment. (Page 81.)

3. VENUE—JOINT DEFENDANTS.—In an action against A. and B., where the complaint states no cause of action against A., the action is improperly brought in the county of A.'s residence, where if B. had been the sole defendant, under Kirby's Digest, § 6067, the action should have been brought in the county where B. had his principal place of business. (Page 81.)

4. LANDLORD AND TENANT—LIABILITY FOR RENT.—A complaint in an action for rent which joins A. and B. as defendants, and alleges only that A. was in possession of the premises as agent for B., does not state a cause of action against A. (Page 81.)

5. APPEARANCES—GENERAL APPEARANCE.—Defendant on special appearance moved to quash service of summons; *held*, where defendant answered, explicitly reserving its right under the motion, it did not waive its objection to the service. (Page 81.)

6. APPEARANCE—GENERAL APPEARANCE—APPEAL.—Although service upon appellant is defective, and appellant answers, but does not waive its objection to the service, it will be held to have entered its appearance, if after trial and judgment it appeals to the Supreme Court. (Page 81.)

Appeal from Clay Circuit Court, Western District; *W. J. Driver*, Judge; reversed.

STATEMENT BY THE COURT.

The Odd Fellows Building Company owned a certain building in the town of Corning and rented the lower story of it and a warehouse connected therewith to J. M. Hawks for the term of five years, beginning December 1, 1907. In January, 1911, the said Hawks was adjudged a bankrupt and the trustee in bankruptcy was authorized and directed to assign and transfer said unexpired lease to the Beal-Doyle Dry Goods Company, a domestic corporation. This suit was instituted in the circuit court by the Odd Fellows Building Company against the Beal-Doyle Dry Goods Company and Howard H. Gallup for the recovery of the amount claimed to be due for rent. The facts above stated were set out in the complaint and in addition thereto the complaint alleges:

"That the said Howard H. Gallup, a part of the time since the sale of said lease, occupied said building and controlled the possession of the same, commencing about October 10, 1911, and ending about January 15,

1912, by permission of and under some kind of an agreement with his codefendant, Beal-Doyle Dry Goods Company, and that said defendant, Howard H. Gallup, and his codefendant failed to pay this plaintiff for the time he so occupied said building. A statement of the account is herewith filed and marked exhibit 'A' to this complaint."

Service of summons was had on Howard H. Gallup in Clay County, Arkansas, and Beal-Doyle Dry Goods Company was served with summons in Pulaski County, Arkansas. The defendant Beal-Doyle Dry Goods Company obtained leave of the court to appear specially for the purpose of filing a motion to quash the service of summons on it. The motion reads as follows:

"Comes Beal-Doyle Dry Goods Company, and, appearing only for the purpose of this motion, and for no other, moves the court to quash the service in this cause as to it, and for grounds therefor states:

"That Beal-Doyle Dry Goods Company is a corporation organized and existing under and by virtue of the laws of the State of Arkansas; that it is situated in Pulaski County, Arkansas, that its principal place of business is in Pulaski County, Arkansas; that its chief officer resides in Pulaski County, Arkansas; that it is not situated in Clay County, Arkansas; that the summons in this case was served upon the defendant, Beal-Doyle Dry Goods Company, in Pulaski County, Arkansas.

"Wherefore, defendant asks that plaintiff's service be quashed as to it."

The court overruled the motion, and the defendant excepted to the action of the court. The defendant then, without waiving its rights under its motion to quash the service of summons, answered, denying the allegations of the complaint. There was a jury trial and a verdict against the defendant, Beal-Doyle Dry Goods Company, and judgment was rendered upon the verdict. The defendant has duly prosecuted an appeal to this court.

*Sam T. Poe,* for appellant.

1.   A corporation can not be joined with another defendant for the purpose of being sued in any other county, except such counties as the statute provides for it to be sued in.   Kirby's Digest, § § 6067, 6071, 6060-1, 6072; 77 Ark. 412, 417.

2.   No joint cause of action is stated in the pleadings.   44 Ark. 229; Kirby's Dig., § 6067-6072.

*F. G. Taylor,* for appellee.

1.   The summons was legally served on defendant. Acts 1909, p. 293.

2.   The motion to dismiss for want of jurisdiction was properly denied.   He who seeks an advantage by motion must see that the court rules upon it upon proper evidence and have same made of record.   Here it simply appears that a trial was had on a controverted question of facts and a verdict was rendered for appellee, and this is conclusive.   72 Ark. 101.

HART, J., (after stating the facts).   In its motion to quash the service of summons upon it the Beal-Doyle Dry Goods Company alleged that it is a corporation organized under the laws of the State of Arkansas; that its principal place of business is in Pulaski County, and that its chief officer resides in Pulaski County, Arkansas; that it is not situated in Clay County and that the summons in this case was served upon it in Pulaski County. These allegations are not denied, and it follows that, under section 6067, Kirby's Digest, the suit should have been brought against the defendant in Pulaski County, Arkansas.   The Acts of 1909 provide that domestic corporations who keep or maintain in any of the counties of this State a branch office or other place of business shall be subject to suits in any of said counties and that service of summons shall be had upon the agent or employee in charge of its branch office in said county.   Acts of 1909, page 293.

It is contended by counsel for the plaintiff that the record does not show but that the plaintiff had a branch office in Clay County and that service might have been

had under this statute. This was an appeal from the judgment of the circuit court and the presumption in favor of the judgment that all the prerequisites of the law have been complied with, which applies in case of a collateral attack on the judgment does not apply in case of a direct attack on the judgment, as in case of an appeal therefrom. *Walker v. Noll*, 92 Ark. 148; *Davis et al. v. Whittaker et al.*, 38 Ark. 435; *St. Louis, I. M. & S. Ry. Co. v. State*, 68 Ark. 561.

It follows, then, that in order to obtain service on the defendant under the Acts of 1909, above referred to, the record should show that service of summons was had in compliance with the provisions of the act.

Counsel for the plaintiff also seek to uphold the judgment under section 6072, Kirby's Digest, on the ground that Gallup, the codefendant of Beal-Doyle Dry Goods Company, resided in Clay County, and was served with summons there. In our statement of facts we have copied that portion of the complaint under which the plaintiff seeks to hold the defendant, Gallup, liable for the rent. A careful reading of it will show that the plaintiff only alleges that Gallup was in the possession of the building as agent for the Beal-Doyle Dry Goods Company, and, therefore, no cause of action against him is alleged in the complaint. The answer of the defendant, Beal-Doyle Dry Goods Company, in the form and manner in which it was made was not a waiver of the service of summons upon it. *W. T. Adams Machine Co. v. Castleberry*, 84 Ark. 573, and cases cited.

It follows that the judgment must be reversed. The defendant, Beal-Doyle Dry Goods Company, having entered its appearance by its appeal, is now in court, and no further service on it is required. *W. T. Adams Machine Co. v. Castleberry, supra; Waggoner v. Fogleman*, 53 Ark. 181; *Benjamin v. Birmingham*, 50 Ark. 433; *Gilbreath v. Kuykendall*, 1 Ark. 50.