MERRIMAC MANUFACTURING COMPANY *v.* BIBB.

Opinion delivered June 28, 1915.

1. CONTRACTS—SALESMAN'S CONTRACT—RESTRICTION—VIOLATION—EVIDENCE OF HARMFULNESS.—A. agreed to act as traveling salesman for B. and specifically agreed not to carry or engage in selling other goods as a side-line. In an action by A. for commissions it appeared that he had sold other goods as a side-line. *Held,* this was a clear breach of the contract, and the action of the trial court in admitting evidence that the sale of the side-line goods did not conflict with the performance of A's. contract with B., was prejudicial error.

2. CONTRACTS—SALESMAN'S CONTRACT—BREACH BY OBLIGOR—REMEDY OF SALESMAN.—A. agreed to sell goods for B. as a traveling salesman. *Held,* where B. committed a breach of the contract by a refusal to pay A. commissions earned under the contract, that A. might continue to perform the contract, and sue B. for all commissions earned, or he might treat B's. act as a repudiation of the contract, and sue B. both for commissions already earned, and also such commissions as he would have earned thereafter.

3. CONTRACTS—BREACH—DEFAULT BY PLAINTIFF.—The obligee in a contract is not entitled to sue the obligor for damages resulting from a breach thereof, irrespective of whether the obligee is himself also in default or not.

4. CONTRACTS—SALESMAN'S CONTRACT—BREACH—SIDE-LINE—RECOVERY.— A. contracted to sell goods for B., agreeing not to carry a side-line. A. committed a breach of the contract by carrying a side-line; in an action by A. to recover commissions earned, it is error to charge the jury that A's. right to recover depended upon B's. knowledge that he was carrying a side-line; but A. might recover, under the contract, commissions on all orders, sent in by him under the contract, and accepted by B.

5. SERVICE—DEFECT—CURE BY APPEAL.—Appellant, having appealed from a judgment of the circuit court, can not complain of imperfect service had on him there.

Appeal from Cleburne Circuit Court; *George W. Reed,* Judge; reversed.

*S. Brundidge, Jr.,* and *Harry Neelly,* for appellant.

1. The complaint alleged, and the answer expressly denied, that appellant was a corporation. The corporate character of appellant was thus put in issue, and it devolved upon the appellee to prove the same. There was no attempt to prove that appellant was a corporation, but on the contrary, appellant's evidence showed that it was a co-partnership. The peremptory instruction requested by appellant should have been given. 28 Ark. 263; 13 Ark. 462; 84 Ark. 277.

2. The court erred in refusing to give instruction 2, requested by appellant. It was a correct instruction under the terms of the contract and other evidence.

3. The court erred in permitting appellee to testify from a statement prepared by his attorney. It was not a memorandum prepared by the witness, and should have been excluded. 111 Ark. 596.

4. The court erred in permitting the appellee to testify in effect that his selling the side line did not conflict with the line of goods carried for appellant, but rather did it good. It was a mere opinion, and an attempt to justify his breach of the contract. 95 Ark. 157, and cases cited.

*Bratton & Bratton,* for appellee.

1. When the appellant executed a bond to secure the release of the money in the hands of garnishees, and, without raising any question as to its corporate capacity, filed the bond, the recitals of the bond taken in connection with the allegation of the complaint, amounted to an admission of corporate existence. It was also an entry of appearance by the appellant sued as a corporation. Kirby's Digest, § 373.

Moreover, appellant's attempted denial is a mere negative pregnant, not sufficient to put its corporate existence in issue. Kirby's Digest, § 6098; 84 Ark. 411; 72 Ark. 66; 33 Ark. 222; Bayless Code Pl. & Pr. 365; 1 Enc. Pl. & Pr. 796; 51 S. W. 1072; 30 Cal. 211; 115 Pac. 48; 116

App. Div. (N. Y.) 861; 5 Okla. 683; 105 S. W. 943; 104 Pac. 462; 68 Neb. 385; 4 Ore. 289.

2. Instruction 2, requested by appellant, was not warranted by the evidence. Appellee by a substantial compliance with the contract, fulfilled his part of it, and, not only so, did more than the law required of him to entitle him to full commission. 19 Mich. 211; 70 Pac. 1108; 44 Pac. 1069; 72 Pac. 717; 116 Cal. 242. A substantial compliance was all that appellant could exact. 64 Ark. 34; 97 Ark. 278; 36 Ill. App. 621.

3. When by its own fault appellant breached the contract by failing to remit to appellee the commission earned and due to him, thereby preventing him from devoting his entire time to the sale of appellant's line of goods, appellee was justified in taking up the side line in order to meet his traveling expenses, and lost its right under its contract with appellant. 91 Ark. 433; 80 Ark. 288; 78 Ark. 336; 97 Ark. 533.

HART, J. On the 15th day of July, 1912, R. L. Bibb, of Little Rock, Arkansas, and the Merrimac Manufacturing Company, of New York City, entered into a written contract, whereby the former agreed to travel for the latter, and to devote his entire time, zeal and energy toward selling its goods in the States of Arkansas and Missouri, and to carry no side line whatever. The Merrimac Manufacturing Company agreed to pay Bibb a commission of 10 per cent on all accepted orders, including mail orders, —house sales coming from his territory; the company further agreed to pay him 5 per cent. of all accepted orders, and to notify him of all declined orders within thirty days after the receipt of same. The company also agreed to continue the contract at the expiration of the first season, provided Bibb had sold $20,000 worth of goods for the fall season of 1912 and spring season of 1913. Bibb instituted this suit to recover commissions alleged to be due him, and writs of garnishment were issued against certain residents of the State of Arkansas who are alleged to be indebted to the defendant company.

R. L. Bibb testified substantially as follows: I commenced to sell goods for the Merrimac Manufacturing

Company, under a contract which is the foundation of this action, in the fall of 1912, and continued as such salesman during the spring season of 1913; during the spring of 1913, the company failed to send me 5 per cent. on accepted orders, as provided in the contract, and failed to notify me within thirty days of the declination of any order. Under the contract, they were to pay me for all orders accepted coming from my territory, but one of their representatives came into my territory and sold goods without my consent, and they refused to pay me a commission on the same. They are indebted to me in the sum of something over $2,500.

Evidence introduced on the part of the defendant company is substantially as follows: The Merrimac Manufacturing Company is a partnership composed of Morris Marks and Aaron M. Marks; the company is engaged in the manufacture and sale of clothing in the city of New York; during the spring of 1913 the plaintiff, without the consent of the defendants, sold clothing for another firm as a side line. The company admitted that one of their representatives sold goods in certain described territory in the State of Arkansas, but said it was with the consent of the plaintiff, because he could not make all of the territory. The company filed an itemized account of all the sales made by the plaintiff, and stated that they had paid him all the commissions due him.

In rebuttal the plaintiff testified that he carried a side line which consisted of pawn-broker's goods, overcoats and pants, and stated that he did this because the defendants refused to pay him the commission due him under the contract, and that he was unable to pay his traveling expenses without carrying this side line. He further testified that he devoted all the time he could to the defendant's business, and never tried to sell goods for the other firm he represented until he had first worked each point for the defendants. This side line, he said, did not conflict with the line he carried for the defendants, but rather did it good.

The jury returned a verdict for the plaintiff, and from the judgment rendered, the defendants have appealed.

The defendants saved their exceptions to the testimony of the plaintiff to the effect that the side line carried by him did not conflict with his sale of the line of goods carried for the defendants, but rather aided it, and assigned as error the action of the court in admitting this testimony. In this contention we think counsel for the defendants are correct. Counsel for the plaintiff seeks to uphold the action of the court upon the authority of *Fitzgerald* v. *LaPorte,* 64 Ark. 34, and *Mitchell* v. *Caplinger,* 97 Ark. 278, and other cases of a like character.

In those cases the court held that a substantial performance is all that is required to authorize a recovery under a contract, the additional cost of a literal compliance with the contract being taken into consideration in assessing damages. We do not think those cases have any application to the facts of the present case. It is true, the plaintiff testified that he used all reasonable means and diligence to further the interests of the defendants; but the contract, by its express terms, provided that the plaintiff should not carry any side line, and it is the duty of courts to enforce contracts according to their terms.

(1) According to the undisputed testimony, the defendants were engaged in the manufacture and sale of clothing; the side line carried by the plaintiff also consisted of clothing. It is true this side line consisted of clothing purchased at a pawn-broker's shop, but the testimony of the defendants tended to show that this side line conflicted with plaintiff's duties under their contract. But be that as it may, the contract, as we have already seen, in express terms provided that the plaintiff should not carry any side line during the time he worked for the defendants, and the carrying of a side line was in plain violation of the terms of the contract.

We think the admission of the testimony to the effect that the side line did not conflict with plaintiff's duties under the contract was prejudicial to the rights of the de-

fendants. This is emphasized by an instruction given by the court, which is as follows:

"I instruct you that if you find from all the evidence in the case that the plaintiff violated his contract by carrying side lines, or was selling goods for another house, it would preclude him from recovery in this case, unless you should further find that the defendant first violated its contract by not making payments as called for in the contract. If you should so find, then the defendant can not complain of the plaintiff's breach of contract, and the plaintiff should recover any amount you may find to be due him as unpaid commissions."

It will be remembered that the plaintiff claimed certain amounts due him as commissions for selling defendant's goods under the contract. The defendants denied that they owed the plaintiff anything. The instruction in effect tells the jury that if they should find that the defendants first violated the contract by not making payments as provided for therein, that they could not then complain of any breach of the contract by the plaintiff, and that the latter would be entitled to recover any amount due him as unpaid commissions.

(2)   Of course, if the defendants had first committed a breach of the contract, they had no right to suppose that plaintiff, by thereafter performing the contract on his part, waived any breach of the contract on their part. In such case, the plaintiff would have had the right to continue the performance of the contract according to its terms and might have maintained an action against the defendants for the whole amount of the commissions due him; or, he might have treated the refusal of the defendants to pay him the commissions provided for in the contract as a manifestation of an intention on their part not to perform the contract according to its terms, and sued, not only for the commissions already earned by him under the contract, but also for such commissions as he would have earned thereafter. See *Spencer Medicine Co. v. Hall,* 78 Ark. 336.

(3)   The fact that the defendants first committed a breach of the contract would not entitle the plaintiff to recover the whole of the amount of the commissions provided for in the contract regardless of the fact as to whether or not he himself committed a breach of the contract.

Counsel for the defendants also assign as error the action of the court in refusing to give instruction numbered 2, asked for by them.  That instruction is as follows:

"The jury are instructed that if you find from the evidence that the plaintiff entered into a contract with the defendant company to work for them in the capacity of salesman, and agreed to devote his entire time and attention to the selling of defendant's goods and wares and agreed to carry no side line, and that in violation of the terms of said contract the plaintiff sold goods for other parties, and did carry a side line, then this would be a breach of the contract, and your verdict will be for the defendant unless you find they knew of such breach and acquiesced therein."

(4)   The court properly refused to give this instruction.  It made the right of the plaintiff to recover anything depend upon whether or not the defendants knew that the plaintiff had committed a breach of the contract by carrying a side line.  The contract, by its express terms, provided that the plaintiff should not carry a side line, and the plaintiff committed a breach thereof by doing so.  Notwithstanding this, he was entitled to recover commissions on all orders sent in by himself and accepted by the company, but was not entitled to recover on mail orders or orders sent in by other representatives of the company traveling in the same territory.

(5)   It is also contended by counsel for the defendants that the court erred in refusing to quash the service of summons on the defendants.  We need not consider that, however, because the defendants, by appealing from the judgment rendered against them are now in court, and no further service on them is required.  *Beal-Doyle*

*Dry Goods Co.* v. *Odd Fellows Building Co.*, 109 Ark. 77;
*W. T. Adams Machine Co.* v. *Castleberry*, 84 Ark. 573;
*Holloway* v. *Holloway*, 85 Ark. 431.

For the error in admitting the testimony of the plaintiff to the effect that the side line carried by him did not conflict with his duties to the defendants, but rather did them good, the judgment is reversed and the cause remanded.