THE MERRIMAC MANUFACTURING COMPANY *v.* BIBB.

Opinion delivered May 29, 1916.

CONTRACTS—SALESMAN'S CONTRACT—BREACH BY SALESMAN.—Where plaintiff agreed to devote his entire time to the service of defendant, whom he was serving as a traveling salesman, and it appeared that plaintiff also carried a side line, it will be held as a matter of law that the plaintiff committed a breach of the contract, and it is error to submit that issue to the jury.

Appeal from Cleburne Circuit Court; *John I. Worthington,* Judge; reversed.

*Marcellus L. Davis* and *Brundidge & Neelly* for appellant.

The admission of the testimony and the submission of the question whether plaintiff carried a side line was prejudicial to the rights of defendant. 178 S. W. 403; Webster's Dict. 1953. There is no evidence to sustain the verdict and the instructions were prejudicial.

*Bratton & Bratton* for appellee.

1. The instructions given cover all theories of the case, but if not, appellant cannot complain because it did not ask an instruction on its theory. 75 Ark. 260; 76 *Id.* 166; 95 *Id.* 597; 78 *Id.* 362.

2. The contract was severable and there was no breach by appellee. 13 N. Y. Supp. 553; 20 N. Y. 423; 4 Bing. (N. C.) 187; 50 N. C. 173; 186 Ill. App. 390; 86 N. E. 306; 213 Fed. 340; 113 N. W. 827; 78 Ark. 177; 88 *Id.* 491.

3. Whether there was a breach of the contract or not was for the jury and they have settled it by their verdict.

4. There was no error in admitting testimony as to the "side line." Jones on Ev. § 455; 2 Car. & P. 525; 94 Ala. 545; 49 N. Y. 464; 8 Cent. Dict. & Enc., "Side-line." Appellant cannot complain because it introduced the same kind of testimony. 88 Ark. 489; 67 *Id.* 48, etc.

HART, J. R. L. Bibb sued the Merrimac Manufacturing Company to recover commissions alleged to be due him as a traveling salesman by them. The defendants averred that they had paid him all that was due him except $214.50 which was tendered to the plaintiff. The plaintiff refused to accept the tender and sued for a larger amount. This is the second appeal. The opinion on the former appeal is reported in 119 Ark. 443, 178 S. W. 403, under the style of *Merrimac Manufacturing Company* v. *Bibb*. The jury returned a verdict for plaintiff and the defendants have appealed. The material facts are as follows:

The defendants were engaged in manufacturing and selling clothing in the State of New York and the plaintiff was a traveling salesman. On the 15th of July, 1912, they entered into a written contract whereby the plaintiff agreed to travel and devote his entire time, zeal and energy towards selling the goods of defendants in the States of Arkansas and Missouri, and to carry no side line of any nature whatever. The defendants agreed to pay the plaintiff 10 per cent. on all accepted orders, including mail orders and house sales coming from his territory. They agreed to pay him five per cent. on all accepted orders and to notify him of all declined orders within thirty days after receipt of the same.

The plaintiff testified that the defendants committed a breach of the contract by failing to pay him as provided by the terms of the contract. He said that defendants owed him commission on individual orders in the sum of $3,035.20; that another representative of the defendant's was permitted to come into his territory and take orders to the amount of $5,490 on which he was entitled to commissions. After deducting the amount

paid him, the defendants owed him $2,625.70. According to the testimony of the defendants they accepted orders sent in by the plaintiff in the sum of $12,850, on which they owed him commissions at 10 per cent. They paid him at different times sums amounting to $1,071.50. They tendered him the sum of $214.50, the balance which they claimed they owed him. The plaintiff declined the tender.

In the opinion on the former appeal the statement of facts shows that the plaintiff admitted that he carried a side line. That is to say, that he carried another line of clothing in addition to that of the defendants. He testified, however, that the side line did not interfere with the sale of the defendants' line of clothing. The court held that the admission of this testimony was erroneous because the contract in express terms provided that the plaintiff should carry no side line of any nature whatever. On the retrial of the case the plaintiff admitted that he carried another line of clothing while working for the defendants and made sales of it but he testified that is was not a side line. He said that to carry a side line a salesman must have samples or a catalogue of the goods which he was selling. Other traveling salesmen testified to the same effect.

Counsel for defendants assign as error the action of the court in admitting this testimony before the jury and in submitting to the jury the question of whether or not the plaintiff carried a side line and thereby violated his contract. We think counsel for the defendants are correct in their contention. The court should not have admitted the testimony and should have told the jury as a matter of law that the plaintiff violated his contract by carrying a side line. Webster defines a side line in commercial usage to be a line of goods sold in addition to one's principal articles of trade. The Century Dictionary defines it to be a line or course of business aside from or additional to one's regular occupation. Within this meaning the plaintiff, according to his own testimony, carried a side line. It does not make any difference that he did not carry samples or have a

catalogue of the goods sold. The catalogue or samples would be only instrumentalities to be used in facilitating the sale of the goods and could not of themselves characterize the business as a side line.

It necessarily follows that the admission of the testimony and the submission of the question of whether the plaintiff carried a side line was prejudicial to the rights of the defendants. Under the law as announced in the opinion on the former appeal the plaintiff, notwithstanding he committeed a breach of the contract, was entitled to commissions on all individual orders sent in by him after he breached the contract, which were accepted by the defendants. After he had breached the contract he was not entitled to commissions on house orders sent from his territory or to orders sent in by other salesmen of the defendants and accepted by them.

For the error indicated, the judgment will be reversed and the cause remanded for a new trial.