DOBSON, Appellant, v. LINDEKUGEL, Respondent.

(162 N. W. 391.)

(File No. 4169.   Opinion filed April 30, 1917.)

1. **Elections—Contest, Notice of, Showing Plaintiff as Candidate, What Is?—Statute—Jurisdiction.**

Plaintiff's election contest notice stating that plaintiff was a qualified elector and duly qualified to act as, and but for certain mistakes made in canvassing the vote, etc., would have been elected, county auditor, is sufficient, under Pol. Code, Sec. 1990, authorizing a candidate claiming a right to an office to institute an election contest on his own motion; it is not necessary to state therein that plaintiff was a candidate for said office, or that his name appeared upon the printed ballot as · such candidate; said notice showed that plaintiff instituted the contest as the candidate, claiming right to the office, and not as an elector contesting the validity of the election; and the notice conferred jurisdiction on the trial court.

2. **Elections—Contest Notice, Amendment of—Statute, Liberally Construed.**

Pol. Code, Sec. 1992, authorizing trial court in election contests to permit amendments when in furtherance of justice, should receive liberal interpretation to the end that such matters may be determined on their merits.

3. **Elections—Contest Notice, Amendment Showing Plaintiff's Capacity as Contestant—Statute.**

Under Pol. Code, Sec. 1992, authorizing amendments to notice, etc., in election contests, held, that an election contest notice alleging plaintiff's qualification to act as county auditor, etc., and that he would have been elected except for mistakes in canvassing the vote, etc., may be amended by adding an allegation which in effect stated that plaintiff instituted the contest as a candidate; the cause of action not being changed by the amendment.

4. **Elections—Contest—Limitations—Running of Statute, Whether From Election Canvass, or Election Certificate?—Statute.**

· Pol. Code, Sec. 1998, requires election contests to be instituted within twenty days after canvassing of vote.   Held, that the time within which contest must be instituted begins to run from date on which abstract of vote for county officers is filed by canvassers and deposited in county auditor's office, and not from date of delivery of certificate of election; since canvassing boards do not determine who is entitled to the certificate, nor could the successful contestant be known until county auditor determines the matter.

Appeal from Circuit Court, Hanson County.   Hon. FRANK B. SMITH, Judge.

Election contest by J. II. Dobson against B. H. Lindekugel, to determine an election for county auditor. From a judgment for defendant, plaintiff appeals. Reversed.

*William R. Danforth,* and *Edward E. Wagner,* for Appellant.

*H. J. Mohr,* and *Spangler & Haney,* for Respondent.

(1.) To point two of the opinion, Appellant cited: Church v. Walker, (S. D.) 72 N. W. 101, on rehearing, 74 N. W. 198.

Respondent cited: McCrary on Elections, 3rd ed. Sec. 399; Gillespie v. Dion, 33 L. R. A. 703; Pol. Code, Secs. 1990, 1998.

(2.) To point two of the opinion, Appellant cited: Hardy v. Woods, (S. D.) 146 N. W. 568; Noziska et al. v. Aten, (S. D.) 152 N. W. 694; Brown v. McCullown, 76 Iowa 479, 14 Am. State Rep., 228; Vol. 31 Cyc. 436, and cases cited; Preston v. Culbertson, 58 Cal. 198.

POLLEY, J. This is an election contest wherein the plaintiff claims that he was legally elected to the office of county auditor of Hanson county, at the general election held on the 7th day of November, 1916, but that, because of a mistake in counting and canvass of the vote, the canvassers declared defendant elected to said office.

Plaintiff served and filed a notice of contest in which he sets out the grounds on which he contests defendant's election, but he does not allege that he had been a candidate for said office, or that his name had appeared on the printed ballot that had been used at the said election. Said notice was not signed by the state's attorney of Hanson county, nor does it appear therefrom that the contest had been allowed by the circuit court or judge thereof. To this notice defendant interposed an answer in which he excepts to the sufficiency of the said notice for the reason that it does not appear therefrom that plaintiff had been a candidate for said office or that his name had been on the printed ballot that was used at said election; that it was not signed by the state's attorney and had not been allowed by the circuit court or judge thereof; that it does not appear from said notice how many votes were canvassed for any candidate for said office; that the facts stated in said notice are not sufficient to give the court jurisdiction of this proceeding, nor to entite the plaintiff to any relief whatever. The answer also denies all the material allegations in said notice except that the plaintiff is a qualified elector of Hanson

county. The case was called for trial on the 8th day of February, 1917, at which time plaintiff asked leave to amend said notice by alleging that plaintiff had been a candidate for county auditor at said election and that he received the highest number of legal votes cast for any candidate for that office at said election, but that the canvassing board had wrongfully and unlawfully issued a certificate of election to the defendant, that defendant is now claiming title to said office by virtue thereof, and demanded that the matters and things therein set forth be inquired into, that the ballots cast at said election be recounted, and that plaintiff be adjudged to have been legally elected to said office and entitled thereto. The allowance of this amendment was objected to on the grounds that:

"The notice of contest is jurisdictional and must be served and filed within 20 days of the day of election, and any attempt to amend the notice of contest after the expiration of 20 days is too late and cannot be allowed by the court. And for the further reason that the original notice of contest in this case fails to show any cause of action or grounds for the contest, and fails to show that the contestant has any rights whatever in this office or to maintain this contest. And for the further reason that the court is without jurisdiction at this time to entertain his contest or to allow this amendment."

The objection was sustained, and judgment was entered dismissing the contest at plaintiff's cost.

[1] Under the provisions of section 1990, Pol. Code, a candidate or person claiming the right to an office may institute a contest on his own motion and in his own name as plaintiff, but, in order that a person may institute a contest as an elector merely, he must have his notice of contest signed by the state's attorney or allowed by the circuit court or judge thereof. The notice in this case was not signed by the state's attorney nor allowed by the circuit court or judge, and defendant contends that it does not appear upon the face of said notice that the plaintiff was a candidate or claimed a right to said office, and that therefore said notice was insufficient in substance to confer jurisdiction of the subject-matter upon the court, and that the notice could not be amended by the addition of jurisdictional matters after the expiration of the time allowed by the statute for instituting the con-

test; in other words, that the notice was such an absolute nullity that there was nothing to amend. With this contention we cannot agree. While the notice does not, in so many words, allege that plaintiff had been a candidate for the disputed office and that his name appeared on the printed ballot as such candidate, it does allege that he is a duly qualified elector of said county and duly qualified to act as county auditor; that the canvassing board had made certain mistakes in counting and canvassing the vote; and that, had it not been for such errors in counting the ballots and other errors and irregularities set forth in said notice of contest, the said election would have resulted in a majority vote for plaintiff, and he would have been declared county auditor of Hanson county. From these facts but one inference can be drawn, and that is that plaintiff was a candidate and that his name was on the ballot. Otherwise he could not have received any votes at all.

While the notice is defective as a pleading in that the material facts are not pleaded with that degree of certainty that is essential to good pleading, still it is sufficient to show that plaintiff instituted the contest as a candidate who is claiming a right to the disputed office, and not as an elector, who is contesting the validity of the election. The defect consists of a lack of certainty rather than a lack of substance, and is sufficient to confer jurisdiction upon the court.

[2, 3] The statute providing for election contests expressly authorizes the court to permit amendments when such amendments are in furtherance of justice. Section 1992, Pol. Code. This statute should receive a liberal interpretation to the end that such matters may be determined on their merits. The only change that is made by the amendment is to more clearly show the capacity in which plaintiff instituted the contest. No change whatever is made in the cause of action or the ground on which plaintiff bases his right of recovery. In Hardy v. Woods, 33 S. D. 416, 146 N. W. 568, Ann. Cas. 1916C, 398, we approved an amendment whereby a party who, in his capacity as administrator, brought suit to quiet title to real property in the estate he represented, changed his complaint by amendment so as to show that he was the owner of the property in his individual right and asked to have the title quieted in himself. The facts in Batterton v. Fuller, 6 S. D. 257, 60 N. W. 1071, cited by defendant, are not

analogous to the facts in this case. That was an election contest. It was alleged in the notice of contest that plaintiff and defendant were opposing candidates for the office of county judge; that defendant received a majority of the votes cast for that office, but that defendant was ineligible to hold the office. It apparently was contestant's theory that, defendant being ineligible to hold the office, plaintiff was entitled to the office notwithstanding the fact that he did not receive a majority of the votes cast. After the time allowed by law for filing contests had expired, plaintiff amended his notice of contest by adding an allegation that, at the time of the election and at the time of filing the contest, he was the duly appointed, qualified, and acting county judge. This was on the apparent theory that, the defendant being ineligible to hold the office, plaintiff was entitled to hold over by virtue of his appointment. It was held that this amendment presented a new cause of action and amounted to an entirely new contest which was barred by the statute; but, in so doing, this court, speaking through Mr. Justice Corson, said:

"We do not wish to be understood as holding that amendments which do not essentially change the grounds of the contest may not be properly made at any time when justice requires such amendments, but an amendment so radical as to virtually constitute a new contest cannot be permitted after the time limited for instituting the proceedings has expired."

As before said, the amendment involved in this case does not change the grounds of the contest, nor the theory upon which plaintiff is seeking to recover, and the amendment should have been allowed.

[4] This disposes of the case so far as this appeal is concerned, but counsel have presented another proposition that will have to be determined before the case can be tried on the merits. It is claimed by respondent that this appeal was not instituted within the time allowed by statute for that purpose. Section 1988, Pol. Code, limits the time within which contests must be instituted to 20 days after the canvass of the vote. Appellant contends that this period of time does not commence to run until after the delivery of the certificate of election to the contestee, while respondent contends that such time begins to run from the date on which the abstract of the vote for county officers is signed by the mem-

bers of the board of canvassers and deposited in the county aud-
itor's office.   We believe this latter view is correct.   The canvass
of the vote and the issuance of the certificate of election are two
entirely different acts and are performed by two different function-
aries.   The canvassing board has nothing to do but to canvass the
vote and prepare and sign an abstract showing the number of
votes · cast.   The certificate of election is issued by the county
auditor after the canvassing board has determined who is entitled
to such certificate and may not be issued until after the canvassing
board has adjourned and gone out of existence.   The auditor
is not in all cases even a member of the board of .canvassers.
What is said in Bowler v. Eisenhood, 1 S. D. 577, 48 N. W. 136,
12 L. R. A. 705, has no application to this case.   In that case
there was a tie vote which was decided by lot, by the county
auditor, as provided in section 1943, Pol. Code.   The time for
filing a contest could not begin to run from the date of the can-
vassing of the vote, for the canvassing board did not determine
who was entitled to such certificate, and it was not known who
was the successful candidate or who was to be contestant until
the matter had been determined by the auditor.

It is our opinion that in election contests instituted under the
provisions of section 1988, Pol. Code, the notice of contest must
be served within 20 days after the abstract of the vote has been
signed by the canvasing board and deposited in the county aud-
itor's office.

The judgment and order appealed from are reversed.