CROWE v. DAVIDSON.

4-3491

Opinion delivered June 25, 1934.

*Ingram & Moher,* for appellants.
*Frank C. Douglas,* for appellee.

BUTLER, J. The appellant Crowe owned 314 acres of land in Prairie County, and Davidson 160 acres of land in Mississippi County, which they agreed to exchange according to the terms of a contract entered into on May 10, 1930. According to this contract, each was to convey to the other their respective lands by warranty deed, their wives joining therein, with the release of

dower and homestead. Davidson agreed to convey an unincumbered title and to assume the payment of a $7,000 mortgage on the lands Crowe was to convey to him in exchange for his Mississippi County lands. It was further agreed that, after the execution of the deeds, Crowe was to retain possession of the Prairie County lands for the years 1930 and 1931 "rent free" and also for the year 1932, but for the use of the land for the last year he was to pay $3,600, to be evidenced by note executed and delivered not later than January 1, 1932, bearing interest from maturity at the rate of six per cent. per annum.

Crowe conveyed his lands to Davidson as contracted. Davidson also executed and delivered his warranty deed to the Mississippi County lands and assumed the payment of the $7,000 mortgage, but his wife did not join in the execution of the deed and release her rights of dower and homestead. The Mississippi County lands, at the time of the exchange of deeds, had been rented by Davidson for the years 1930 and 1931, tenants then being in possession. They had executed rent notes for the rent of the land for these years and these notes, amounting to the sum of $3,200, were delivered by Davidson to Crowe at the time of the transfer.

Crowe failed to execute the $3,600 note, although he retained possession of the Prairie County lands throughout the year 1932, whereupon Davidson brought this suit in the chancery court of Mississippi County for the collection of the $3,600, and to subject the lands in that county which had been conveyed to Crowe to the payment of the amount sued for.

Crowe filed a petition in this court for a writ of prohibition challenging the jurisdiction of the court on the theory that the action was one merely to enforce the collection of a debt and properly triable in Arkansas County, the county of his residence where he was served. On the hearing, the prayer of the petition was denied, this court holding that the complaint stated a cause of action on a demand or interest in lands lying in Mississippi County, and that the chancery court of that county had jurisdiction. *Crowe* v. *Futrell*, 186 Ark. 926, 56

S. W. (2d) 1030. Subsequent to this ruling, the defendant Crowe filed answer renewing and preserving his challenge to the jurisdiction of the court, admitting his execution of the contract and the deeds, but pleading the failure of plaintiff's wife to execute the release of dower and homestead. He alleged that, because of this, the contract was changed and modified by defendant's letter of June 6, 1930, accepted by plaintiff, to the effect that the wife's signature was waived, and in consideration therefor it should be optional with defendant whether he make the note for $3,600, and, if he should elect not to make the same, plaintiff should pay to him $400 and take possession of the Prairie County lands January 1, 1932.

Davidson, in support of the allegations of his complaint, testified that Crowe voluntarily waived the signature of Mrs. Davidson and executed an affidavit by the terms of which he made such waiver and agreed that the failure of Davidson's wife to execute the release of dower and homestead would not be deemed to be a breach of the contract.

Crowe testified that when he learned through his agent, a Mr. Price, who resided near Mr. Davidson in Illinois, that the latter could not procure the signature of his wife, that he (Crowe) wrote a letter addressed to Mr. Davidson of date June 6, modifying the contract as alleged in his answer, and sent same through the mails to his agent in Illinois with directions that it be given to Davidson. Price testified that he received the letter and gave it to Davidson who assented to the modification.

The court found the issues of fact in favor of Davidson, gave judgment for $3,600 with interest from December 1, 1932, until paid, and held that the agreement to execute said note was a part of the consideration for the transfer by Davidson of the lands in Mississippi County to Crowe and fixed a lien on these lands to secure the payment of the judgment with directions that, if same was not paid within the time named, the lands be sold to satisfy the same.

On appeal there are two questions presented; first, that the finding of the trial court was against the preponderance of the testimony. On this branch of the case

it will be noted that Crowe does not know and did not say that his letter of June 6, 1930, was in fact delivered to Davidson and its modification of the contract accepted by him. Price is the only witness who testified to these facts, and his statement is flatly contradicted by Davidson. The appellant argues that there must have been some consideration for the waiver of the wife's release of dower and homestead; that none has been shown by Davidson, who is interested in the result, and that Price is not. The majority of the court is of the opinion that the finding of the trial court cannot be said to be against a preponderance of the evidence. The contract is unusual, and on its face appears highly advantageous to Crowe. He was getting a farm of 160 acres of land in Mississippi County free from any incumbrance, already rented for the years 1930 and 1931. The rent notes had been given him. For this he was exchanging a farm containing 314 acres incumbered by a $7,000 mortgage which he was to have ''rent free'' for two years. In view of the favorable terms above, it might be that he was quite willing to waive the release of dower and homestead.

The court's finding that the contract had not been modified leaves the contract of May 10, 1930, unimpaired. It was introduced in evidence and supports the allegations of the complaint. On the question of jurisdiction, the important paragraph of the contract, after reciting the description of the lands in Mississippi County then belonging to Davidson and his agreement to convey the same free of all incumbrance, provides: ''That, for and in consideration of said conveyances, the said party of the second part agrees to convey to the party of the first part the'' [describing lands] ''subject however to a Government loan in the sum of $7,000 which the party of the first part assumes and agrees to pay provided however, the said party of the second part is to keep and retain possession of said Prairie County land above described for the years 1930 and 1931, rent free, and further as part of the consideration of this exchange of properties, the party of the second part agrees to rent or lease said Prairie County land from the party of the

first part for the year 1932 in the sum of $3,600, same to be evidenced by a note to be executed and delivered, not later than January 1, 1932, bearing interest from maturity at the rate of six per cent. per annum until paid, said note to be paid in the State Bank of Blue Mound, Illinois.''

The appellants contend that the contract was fully consummated and carried out when the deeds were exchanged. They call attention to the fact that the granting clause in the deed from Davidson to Crowe contains no reference to the note to be given January 1, 1932, as part consideration, and argue therefore that the recitals of the deed must govern as to what in fact was the consideration. It is well settled that the recitals as to the consideration in a deed are not conclusive, but are subject to explanation, contradiction or modification. *Pate* v. *Johnson*, 15 Ark. 275; *Hildebrand* v. *Graves*, 172 Ark. 198, 288 S. W. 4. Then too, this court has virtually decided in the case of *Crowe* v. *Futrell, supra,* that the $3,600 was a part of the consideration and, indeed, that is the express language of the paragraph of the contract which we have quoted. The entire consideration was the exchange of the lands, the assumption of a $7,000 mortgage by Davidson, and the agreement by Crowe to pay $3,600. It took all of these things to constitute the entire consideration. This court, in *Crowe* v. *Futrell, supra,* said: ''In the suit brought in the Mississippi Court, the plaintiff alleged that this $3,600 was a part of the consideration, that it had not been paid, and that he was entitled to a lien on the lands in Mississippi County to secure the payment. If this was a part of the consideration entitling the plaintiff in the case to a lien on the lands in Mississippi County, the court had jurisdiction.''

Since the execution of the contract quoted from was admitted and the court found that the same had not been modified and changed, it follows that the decree is correct, and must be affirmed. It is so ordered.