NELSON, Plaintiff, v. DICKENSON, et al, Defendants.

(268 N. W. 103.)

(File No. 7972. Opinion filed June 29, 1936.)

*Danforth & Davenport,* of Sioux Falls, for Plaintiff.
*R. S. Rice,* of Sioux Falls, for Defendants.

CAMPBELL, J. ▇ At the annual municipal election held in the city of Sioux Falls on the third Tuesday in April, 1936, there were five candidates for the office of city commissioner. No candidate received a majority of votes cast, but the highest number of votes were for Joseph S. Nelson and Roland E. Dickenson. Accordingly, a secondary election was held (section 6328, R. C. 1919) on the ensuing Tuesday, and the same being duly canvassed on May 1, 1936, the official board found that Nelson had received 7,901 votes and Dickenson 7,596, whereupon the board declared the election of Nelson and a certificate was issued to him accordingly. Within twenty days thereafter Dickenson attempted to institute a contest proceeding against Nelson in the circuit court of Minnehaha county. Sections 6326, 7336-7347, R. C. 1919. Nelson appeared specially in the circuit court and moved to quash and dismiss the contest proceeding upon the ground that the court had never acquired jurisdiction therein because there had been no valid service of the notice of election contest as required by section 7336, R. C. 1919. After hearing, and on May 26, 1936, the circuit court made and entered an order denying Nelson's motion to quash and dismiss, and was about to proceed in the contest matter. Thereupon Nelson, as plaintiff, instituted the present special proceeding in this court against Contestant Dickenson and the circuit judge as defendants, seeking a writ of prohibition to prevent further action or proceeding in the attempted contest whereof plaintiff claims the circuit court entirely lacks jurisdiction. Incidentally we note that plaintiff has denominated himself "petitioner" and has denominated defendants as "respondents." The parties should be known as plaintiff and defendants, respectively (section 2991, R. C. 1919), and we have changed plaintiff's terminology accordingly. The alternative writ issued pursuant to plaintiff's application, and on the return day defendants interposed a motion to quash and likewise filed an answer in this court, and the matter has been orally argued and submitted. By their motion to quash defendants raise two points: First, that plaintiff has misconceived his remedy in seeking a writ of prohibition from this court; and, second, that the affidavit and application for the writ does not state facts sufficient to show that plaintiff is entitled thereto upon the merits. We will consider these points in the order stated.

▇▇ It is, of course, true that prohibition cannot be invoked

merely as a substitute for appeal. State ex rel. Clough v. Taylor (1931) 58 S. D. 647, 238 N. W. 22, and cases there cited. The circuit court order of May 26 denying the motion to dismiss the contest proceeding is an interlocutory order only and does not fall within any of the classes of interlocutory orders which our statute enumerates as appealable. Section 3168, R. C. 1919; Ryan v. Davenport (1894) 5 S. D. 203, 58 N. W. 568. See, also, De Bord v. Brandt (1926) 49 S. D. 173, 206 N. W. 925; Thomas v. Miser (1926) 49 S. D. 329, 207 N. W. 58; Warwick v. Bliss (1927) 52 S. D. 107, 216 N. W. 865; 2 Calif. Juris. p. 158. It follows that the only method whereby plaintiff could review such order on appeal would be to await an adverse judgment in the circuit court, whereupon he could appeal from such judgment and upon proper record (and if he had not waived the point by defending on the merits) could have the propriety of the order of May 26 reviewed as an intermediate order upon such appeal. We doubt, however, under the circumstances here presented, whether the possibility of reviewing this order upon appeal from final judgment could be deemed a remedy which is adequate in the sense that its existence should preclude the writ of prohibition. The general statement of the texts, as well as the cases, is that prohibition will lie when the inferior court is without jurisdiction of the subject-matter, or of the parties, or is exceeding its jurisdiction in the particular case. 50 C. J. p. 664. Plaintiff's motion in the circuit court for the dismissal of the contest proceeding presented to that court the question of its jurisdiction over the person of plaintiff for the purposes of the contest. The circuit court by its order decided that it had such jurisdiction. Whether the circuit court did or did not have jurisdiction over the person of plaintiff in the contest proceeding was a question the determination of which was within the competence of the circuit court. If the solution of the question depended upon ascertaining disputed facts, the decision of the circuit court thereon would, we think, be binding until reversed upon appeal. But where, as here, the facts are substantially without dispute and the question is primarily a legal one, we believe prohibition should lie if this court entertains the opinion that the circuit court erroneously decided as a matter of law that it had jurisdiction. The distinction is well pointed out in State ex rel Addison v. Bowron (1934) 335 Mo. 1052, 75 S. W. (2d) 850,

460

and likewise in the Arkansas case of Crowe v. Futrell (1933) 186 Ark. 926, 56 S. W. (2d) 1030. Also it should be observed that plaintiff here is in the predicament adverted to in the California case of Jardine v. Superior Court (1931) 213 Cal. 301, 2 P. (2d) 756, 79 A. L. R. 291. He has objected in the circuit court to the jurisdiction of that court over his person and the court has ruled against him. If prohibition will not lie, plaintiff must either defend on the merits in the circuit court whereby he will waive his objection to the jurisdiction of that court over his person, or he must stand upon such objection to the jurisdiction whereby he will be precluded from asserting, in the first instance at least, any defense he may claim upon the merits. Where the question is one of law and contested facts are not involved, we do not feel that plaintiff should be put to such choice, and we arrive at the conclusion that the case is a proper one for prohibition if it appears, upon the face of the record as a matter of law, that the circuit court erred in determining that it had jurisdiction for the purposes of this election contest.

■ We come then to consider the sufficiency of plaintiff's affidavit and application for the writ upon the merits. Relevant facts appear as follows: The canvassing board having completed its duty and made its return on May 1, the unsuccessful candidate had a right to give notice of contest at any time thereafter up to and including May 21, section 7336, R. C. 1919; Dobson v. Lindekugel (1917) 38 S. D. 606, 162 N. W. 391. On May 19 defendant Dickenson delivered to a deputy sheriff of Minnehaha county a notice of election contest for service upon plaintiff. Upon the same day the sheriff returned the notice together with an affidavit stating that he had endeavored to locate plaintiff Nelson and was unable to do so; that Nelson's home was locked and no person was there; that Nelson was not in his office; and that affiant had been informed that Nelson was in the state of Minnesota and the time of his return indefinite. The affidavit further states positively "* * * that the said Joseph S. Nelson is absent from the State of South Dakota, and that there is no one at his home upon whom service may be made in conformity with the statutes." Thereafter, and upon the same day, the notice of election contest and the affidavit of the deputy sheriff were filed in the circuit court of Min-

nehaha county together with an affidavit and petition of contestant's attorney reciting the delivery of the notice of election contest to the sheriff's office with instructions to make service, referring to the affidavit and return of the sheriff and praying "that this court make and enter its order herein directing the manner of service of said notice upon the defendant in the above entitled action." Pursuant to said petition the court forthwith made and entered its order directing manner of service in. the following language:

"The affidavit of L. M. Houg and the petition for order directing manner of service of notice of election contest on the above named defendant and respondent having been presented to the court and filed herein, and good cause therefor appearing, it is hereby, on motion of R. S. Rice, attorney for the plaintiff,

"Ordered that the sheriff of Minnehaha county and his deputy be and they hereby are directed to make service upon the defendant above named in the manner following, to-wit: to deliver a copy of the said notice, together with a copy of the affidavits in support thereof and this order to ·the last place of residence of the said Joseph S. Nelson in the city of Sioux Falls, by delivering to and leaving with a person of suitable age and discretion, if such can be found, a copy of the said 'notice of election contest' and of this order and of the affidavits, and said sheriff and deputy sheriff are further directed to deliver to and to leave with a member of the office force of the Water and Light Department of the City of Sioux Falls another copy of said 'notice of election contest,' together with a copy of this order and the affidavits in support thereof."

After such order was attested and filed, and still upon the same day, the sheriff of· Minnehaha county undertook to make service in compliance with said order and filed his return thereof as follows: "I, M. L. Sells, the Sheriff of the County of Minnehaha, in the State of South Dakota, do hereby certify and return that the within and foregoing notice of election contest, order allowing contest, petition for order directing manner of service, affidavit, and order directing manner of service came into my hands for service on the 19th day of May, 1936, and that I served the same upon the within named Joseph S. Nelson in conformity with

the provisions of the order of the Court herewith attached, by delivering to and leaving with one Mrs. Chas. H. Loucks, a person of suitable age and discretion, residing at 1108 E. 6th, in Sioux Falls, Minnehaha County, South Dakota, being the residence of the said defendant Joseph S. Nelson, a full, true and correct copy of said notice of election contest, order allowing contest, petition for order directing manner of service, affidavit, and order directing manner of service, and that in compliance with the order of the Court I made service upon the defendant above named Joseph S. Nelson by delivering to and leaving with one Carl Lodmell, a member of the office force of the Water and Light Department of the City of Sioux Falls, a full, true and correct copy of said Notice of election contest, order allowing contest, petition for order directing manner of service, affidavit, and order directing manner of service at the office of the Water and Light Commissioner of the City of Sioux Falls, at the City Hall in said City."

It was subsequently developed that the Mrs. Chas. H. Loucks named in such return did not in fact reside at the residence of plaintiff Nelson and was not a member of his household. The record indicates that Nelson occupied one of two apartments in a duplex, while Mrs. Loucks and her family occupied the other of said apartments; the Nelson apartment being known as 1108-C East Sixth street, and the Loucks apartment as 1108-B East Sixth street. It likewise appears from the record that Nelson has been for many years, and still continues to be, a resident of the city of Sioux Falls. He was in the city of Sioux Falls most of the time from May 1 to May 21, but was in the state of Minnesota for some three days during that period by reason of illness and death of a relative. He was in fact in Minnesota on May 19 and his residence was closed and locked and no one was there. He did not return from this absence until some time during the day of the 21st. During the month of May Nelson was, and for some years had been, one of the city commissioners of the city of Sioux Falls and maintained his office as such commissioner in the temporary city hall.

The applicable statute is section 7336, R. C. 1919, which reads as follows: "Any candidate or person claiming the right to hold an office contested, or any elector of the proper county desir-

ing to contest the validity of an election or the right of any person declared duly elected to any office in such county, shall give notice thereof in writing to the person whose election he intends to contest, within twenty days after the canvass of the votes for such election is completed, which notice shall be served in the same manner as a summons in a civil action. But if the person whose election is contested cannot be found and shall have ceased to have a residence in the county or state, the notice shall be served by leaving the same at the house where such person last resided in this state, and if no service as above provided can be made or if no such residence can be found in the state, the circuit court or judge thereof may expressly direct the manner of service, which notice of contest shall be in writing and set forth the facts and grounds upon which the contestant relies in his contest, and may be verified as a pleading in a civil action."

The language of this statute with reference to serving the notice is somewhat peculiar. First we find the comprehensive provision for the normal and general case, to-wit, that the notice "shall be served in the same manner as a summons in a civil action." Then follows provision for a special case, which we should think could rarely occur, where the person whose election is desired to be contested "cannot be found and shall have ceased to have a residence in the county or state" and the provision is that in such event service shall be made by leaving the notice "at the house where such person last resided in this state." The statute then continues by reciting "and if no service as above provided can be made or if no such residence can be found in the state, the circuit court or judge thereof may expressly direct the manner of service." We are of the opinion that the phrase "and if no service as above provided can be made" must be deemed to refer to and include the broad general provision first found in the statute that the notice "shall be served in the same manner as a summons in a civil action." Unless the phrase is so interpreted, it is redundant and leaves the statute utterly without provision for service upon a man who is legitimately but temporarily absent from the state and who, without ceasing to have a residence in the state, has failed during the period of such absence to leave in his dwelling house a member of his family over the age of fourteen years. We do not

believe that the Legislature ever intended any such result. The time for instituting an election contest is limited to twenty days after the completed canvass and return. The person declared elected is not obligated to remain in the jurisdiction for that entire twenty days awaiting the possible service of contest notice. Of course, he should not deliberately absent himself for the purpose of evading or avoiding the service of process, but he is certainly entitled to go about the usual conduct of his affairs and to absent himself if any legitimate or proper occasion arises, as undoubtedly it did with Mr. Nelson in this case, and to take his family with him. On the other hand, the fact that he is thus temporarily absent should not deprive the party desiring to institute a contest of his rights, and we think the Legislature intended, and sound public policy demands, that a broad and liberal construction should be given to that portion of the statute which authorizes the circuit judge to direct the manner of service "if no service as above provided can be made." Manifestly on the 19th day of May this notice of election contest, according to all the admitted facts, could not be served upon Mr. Nelson "in the same manner as a summons in a civil action." See section 2336, R. C. 1919. It could not be served upon him personally, because he was without the state; it could not be served by leaving a copy thereof at his dwelling house in the presence of one or more of the members of his family over the age of fourteen years, because his dwelling house was locked and no members of his family were there present; it could not be served upon him by leaving with the members of a family with whom he resided, because he did not reside in the family of another; it could not be served upon him by publication (section 2338, R. C. 1919, as amended chapter 99, Laws 1931), because an election contest is not embraced within any of the classes of cases where service by publication is permitted under our statute; it could not be served upon him without the state (section 2339, R. C. 1919), because such service is permitted only in cases where service by publication may be had. If, under the circumstances here presented, the circuit court did not have authority to direct the manner of service, then the twenty days which the statute grants to contest an election would be arbitrarily reduced to sixteen or seventeen solely by the fortuitous circumstance of the illness and death of Mr. Nelson's relative. We do not believe the

Legislature intended any such result, and we do not believe we are driven to place an interpretation upon the statute which would bring such result about. After all, the fundamental purpose of serving notice is to give notice. That the method of service designated by the court in this particular case was reasonably effective to accomplish that fundamental purpose is evidenced by the fact that Mr. Nelson, having returned from his absence in Minnesota on May 21, was before the circuit court on May 22 seeking to quash the service, and his affidavit attacking the service and indicating clearly that he knew all about it was executed on May 21, the day of his return to the state.

Plaintiff complains that he could have been personally served from May 1 up until shortly before May 19 and that no service was attempted during that period. We are unable to regard this as material. The party desiring to institute a contest has the full twenty days for that purpose, and he is entitled to make his investigation and ascertain what he believes the facts to be before preparing and serving his notice. Indeed, he can hardly do otherwise, for the statute requires the notice to "set forth the facts and grounds upon which the contestant relies in his contest."

Plaintiff also complains that he returned to the state some time during the day of May 21 (though he does not say when) and could have been personally served upon that day. Neither do we see any materiality in that contention. In the first place, it is not shown that defendant Dickenson knew, or should have known, that Nelson returned to the state on the 21st. In the second place, if the service made pursuant to the court's order on the 19th was a good service (and we think it was), it was good for all purposes and for all time and there was no need to serve over again in a different fashion. In the third place, no amount of additional service on May 21 could possibly have given Nelson any more actual notice than he already had as clearly indicated by his own admissions and conduct; consequently, he could suffer no prejudice because he did not on that day receive another copy of the notice.

The whole situation is very different from the ordinary case of constructive service or service by publication. In the usual case, say, for instance, an action to quiet title, there is no twenty-

·day time limit within which the proceeding must be instituted, and full investigation ought to be made and due diligence exhibited to minimize as much as possible the danger that rights may be cut off without the claimants thereof ever having any actual notice of the proceeding. In such cases the courts· ought to· be extremely cautious and sometimes hypertechnical about constructive service. Here the situation is entirely different. The danger that a man will be ousted from office without knowing that a contest is being proceeded with can fairly be called extremely remote. Certainly it did not exist in this case. The statutory time limit of twenty days is short, and the practically effective time limit is still shorter because the contest cannot safely be instituted until investigation has been made and the facts ascertained. We think the record and the conceded facts amply authorized the circuit court, under a fair and reasonable interpretation of our statute, to make the order which it made at the time it made the same, and that the service pursuant thereto was valid and gave the circuit court jurisdiction for the purposes of the contest.

We are therefore of the opinion that the peremptory writ should be denied, and that the alternative writ heretofore issued should be quashed and this proceeding dismissed.

ROBERTS and RUDOLPH, JJ., concur.

POLLEY, P. J., and WARREN, J., having been absent from the oral argument, not sitting.