DICKENSON, Appellant, v. NELSON, Respondent.

(272 N. W. 297)

(File No. 8024. Opinion filed April 8, 1937)

See, also, 268 N. W. 103.

*Bailey, Voorhees, Woods & Bottum* and *R. S. Rice,* all of Sioux Falls, for Appellant.

*Danforth & Davenport,* of Sioux Falls, for Respondent.

SMITH, J. The appellant and respondent were candidates for the office of commissioner in the city of Sioux Falls, S. D., at an election held in said city on the 28th day of April, 1936. On May 1st, 1936, the official canvassing board canvassed the election returns and declared that respondent had been elected and issued a certificate of election to him. Thereafter, appellant prepared a notice of contest under section 7336 to section 7347, Revised Code of 1919, which notice of contest intermingled allegations appropriate to a contest by a candidate with allegations appropriate to a contest by an elector seeking a forfeiture of office for violation of section 7371 to section 7384, Revised Code of 1919, as amended, commonly known as the Corrupt Practices Act. The prayer attached to this notice of contest sought a recount and declaration of the election of appellant and a decree of forfeiture of respondent's office as provided by section 7380, Revised Code of 1919. This notice contained no allegation dealing with the refusal of the state's attorney to sign the same. The notice was not signed by the state's attorney, and on the 19th day of May, 1936, the contest was allowed by a judge of the circuit court by order in writing. On June 11, 1936, a written refusal to sign the notice of election contest signed by the state's attorney dated May 18, 1936, was filed. The notice of contest and the order allowing the contest and other

papers were served upon respondent on the 19th day of May, 1936. The refusal of the state's attorney to sign the notice of contest was not served, and the order allowing the notice of contest made no reference in its recitals to such refusal. During examination of respondent as an adverse witness before trial, on August 17, 1936, the court ruled that the proceeding was intended as an election contest, and, on the theory that a proceeding by a candidate to contest an election may not be joined with a proceeding to annul an election for violation of the Corrupt Practices Act, ruled that no evidence would be received in the proceeding under the allegations dealing with the violation of the Corrupt Practices Act. Thereupon, the court, upon motion of the appellant, struck from the notice of contest the principal allegations supporting a contest by a candidate, and permitted the following amendments to the petition:

"That, as a matter of fact, the said Joseph S. Nelson was not entitled to a certificate of election as commissioner for the city of Sioux Falls, but said election was void for the reason that said Nelson and his agents were guilty of fraud invalidating said election, and guilty of a violation of the Corrupt Practices Act of the State of South Dakota."

"That heretofore, and prior to the signing of the within notice of election contest, and prior to the nineteenth day of May, 1936, the plaintiff herein applied to Louis N. Crill, State's Attorney of Minnehaha County, South Dakota, and requested said Crill to sign the within and attached notice of election contest; that said Crill refused to sign said notice of election contest; that when said Crill refused to sign said notice of election contest the plaintiff herein appealed to this court, to the Hon. L. L. Fleeger, Judge of this court, for an 'Allowance of Election Contest'; that said 'Allowance of Election Contest' was made by the court on the 19th day of May, 1936, and prior to the execution of these presents."

Thereafter the respondent filed his motion to quash the proceeding on four separate grounds as follows:

(1) "That the court is without jurisdiction in this proceedings

(2) "That the so-called Corrupt Practice Act has been repealed so far as it pertains to Municipal Elections.

(3) "That the original notice of election contest on its face

did not state facts sufficient to constitute a cause of action under the Corrupt Practice Act as a suit instituted by an elector and that no notice of election contest of the character under which the Plaintiff now seeks to stay in Court was served upon the Defendant within the twenty (20) days prescribed by the Statute for instituting such contest after the canvass of votes.

(4) "That the Court is without jurisdiction to now allow a jurisdictional amendment so as to state a new and different cause of action, the time having expired under which such an amendment could be allowed by the Court."

The court granted the motion to quash, and entered a judgment of dismissal. The appeal is from this judgment of dismissal.

■■ A preliminary matter must first occupy our attention. Section 7345 provides, "The party appealing must immediately procure the transmission of the transcript and papers on appeal to the clerk of the supreme court." At the time of oral argument, examination of the records and files of the clerk of this court disclosed that such transcript had not been transmitted in accordance with the direction of this statute. Thereupon, counsel for respondent filed and served a motion to dismiss the appeal because of the failure of appellant to comply with this statute. Examination of this statute discloses that the transmission of the transcript forms no part of the proceedings to perfect the appeal. We conclude that this provision of the statute is directory and not mandatory. The motion to dismiss the appeal is therefore denied. Nevertheless, we have treated the motion as a demand on the part of respondent for a transmission of the transcript, and that record is now on file and before us for consideration.

In support of the judgment of dismissal, respondent presents two principal contentions. First, that the omission from section 7375 and section 7376 of the word "municipal" by the amendments enacted in chapters 220 and 221 of the Session Laws of 1921 rendered the Corrupt Practices Act inapplicable to municipal elections. Second, that the original notice of contest failed to state facts sufficient to constitute a cause of action and omitted essential jurisdictional averments which could not be supplied after the twenty days within which a notice of contest may be served. We deal with these contentions in the order in which they are set forth.

166

The two sections amended by the Legislature of 1921 deal specifically with the making and filing of statements of expenditures by candidates and political committees. Theretofore the statute required the filing of such statements with the county auditor within thirty days after the election by candidates and political committees connected with certain elections, including municipal elections. By the omission of the word "municipal" in the amendments of 1921, supra, candidates and political committees involved in municipal elections were unquestionably relieved from the duty of filing such statements. Does it necessarily follow that such amendments compel a conclusion that the Legislature intended to render the entire act inoperative as to municipal elections? Such an intention is negatived by both the substance and form of the statute.

The scope of the original act was rendered certain by definitions contained in its first section, chapter 142, Session Laws of 1907. Such changes as have been made in these definitions by subsequent amendments and the revision of 1919 have been by way of expansion for the purpose of including additional elections. These definitions now appear in section 7371, and contain the following language:

"The term 'candidate for election,' as used in this chapter, shall include all persons whose names are printed as candidates on the official ballots used at any election.

"The term 'public office,' as used in this chapter, shall include every public office to which persons can be elected by vote of the people under the laws of this state."

"* * * Or other question submitted to the electors of the whole state or any political division thereof."

Municipal elections are indisputably within the purview of these definitions. The terms defined take their place in subsequent sections proscribing contributions by corporations and certain types of solicitation and expenditure which, by their nature, are just as inimical to the purity of municipal elections as they are to general elections. Violations of section 7372 and section 7373 lose none of their character as such, nor are they the less iniquitous because not confessed in the statements described in the amended sections. Thus it appears that the amended sections are

separate from the remaining sections and their provisions are separable in application. From all of which we conclude that the Legislature intended to limit the effect of its amendments of 1921 to the precise sections with which it dealt, and that it did not intend to render the remainder of the act inapplicable to municipal elections.

 We now turn to respondent's second contention dealing with the sufficiency of the original notice of contest. Because all allegations incident to a notice by a candidate have been withdrawn pursuant to the motion of appellant, we need only consider the sufficiency of the remaining original allegations. But a cursory examination of the notice of contest discloses that certain of its paragraphs contain direct allegations charging the respondent with violations of section 7373 and section 7374, as amended by Laws 1921, c. 220, and that the prayer sought a decree forfeiting the office to which respondent had been declared elected. We therefore do not need to advert further to these allegations. Neither do we have occasion to deal with surplusage.

 Under this contention, counsel first argue that it does not appear from the notice of contest that appellant instituted the proceeding as an elector in the interests of the public. While the word "elector" is not used, we find the following language in the first paragraph of the original notice of contest; "That the plaintiff and contestant was at all times hereinafter mentioned, since has been and still is a resident, citizen, taxpayer and voter in the City of Sioux Falls." This, in our opinion, is equivalent to an allegation that appellant is an elector, and constitutes a sufficient allegation of capacity.

 The original notice of contest contained no allegation that the state's attorney of Minnehaha county had refused to sign the notice of contest. Respondent urges that such an allegation is essential and jurisdictional. Certainly the statute establishes no such requirement by express language. From the statute, it appears that such a showing bears a single relation to the contest, namely, it is an essential of the showing necessary to permit the circuit court or a judge thereof to make and enter an order allowing a contest by an elector. The court is without power to enter an order allowing such a contest until a showing has been made that the

state's attorney has refused to sign the notice of contest. The force of such a showing, however, is expended in securing the original order of the court, and there is no more reason requiring allegation and proof of the fact in the proceeding than to require allegation and proof that service of the notice of the contest was made within twenty days as provided by statute. All of the requirements of the statute are satisfied if it fairly appears from the record that such a showing has been made to the court. Bronson v. Rapid City et al., 63 S. D. 408, 259 N. W. 674. This record discloses that the state's attorney had signed a refusal prior to the entry of the order by the court allowing the contest. We deem this sufficient.

The views we have expressed with reference to the sufficiency of the original notice of contest and the broad provisions of statute dealing with amendments render it unnecessary for us to discuss the amendments allowed by the court. If such amendments added anything to the notice, they did but tend to clarify one of the causes of action originally set forth. Such an amendment is permissible. Dobson v. Lindekugel, 38 S. D. 606, 162 N. W. 391.

The judgment of the learned trial court is reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

All the Judges concur.