Baskins v. Wylds, Ad.

---

## BASKINS v. WYLDS, AD.

1. ADMINISTRATION: *Claim allowed at wrong term of court: Certiorari.* An order of the Probate Court allowing a claim against an estate presented for allowance at a term subsequent to the term at which the administrator was notified that it would be presented, is without jurisdiction of the person of the administrator, and void, and will be quashed on *certiorari* in the Circuit Court.

| | |
|---|---|
| 39 | 347 |
| 59 | 587 |
| 39 | 347 |
| 61 | 607 |
| 39 | 347 |
| 68 | 567 |
| 39 | 347 |
| 69 | 591 |
| 39 | 347 |
| f 84 | 575 |

2. CERTIORARI: *No substitute for appeal.*

The writ of *certiorari* can not be used by the Circuit Courts for the correction of errors of inferior courts as upon appeal, but where the inferior judgment shows upon its face that the court had no jurisdiction of the subject-matter, or the person of the defendant, it may be quashed upon *certiorari*.

3. PRACTICE: *Motion to vacate default judgment, where no service of notice.*

The filing of a motion to vacate a judgment rendered without service of notice upon the defendant, is no appearance to the suit nor waiver of notice of it.

APPEAL from *St. Francis* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Dunn & Howes*, for appellants :

1. The record of the Probate Court is conclusive. (*Gantt's Digest, secs. 1196–7.*) The judgment good on its face.

After jurisdiction is acquired its exercise is subject to the rules of practice prescribed for the court. (*11 Ark., 282.*) The rule in this case prescribed by *Gantt's Dig., secs. 114–15–16.* No requirement that the case shall be heard at the term to which the notice is returnable.

Where a court has jurisdiction, every presumption is in favor of the regularity of its proceedings. (*5 Ark., 409.*) The parties once in court, will be presumed that they continue so until the matter was finally disposed of.

2. The motion for a new hearing, and taking an appeal, are conclusive of, first, that appellee had been before the court all the time; and second, that he thereby entered his appearance, and could not on *certiorari* be heard, upon the ground that the Probate Court acquired no jurisdiction of his person. *3 Ark., 436; ib., 451; 4 ib., 200; 3 ib., 463; 4 ib., 70; ib., 234.*

*Geo. H. Sanders*, for appellee.

The Probate Court had no jurisdiction of the appellee. No notice was given, and the judgment was void. (*Gantt's Dig.*, sec. *4738.*) The record does not show affirmatively that the court had jurisdiction. (*2 Ark., 65.*) No cause of action was filed at the time appellee was cited to appear, and hence the court acquired no jurisdiction of appellee's person, and no notice was served on him to appear at any other term.

The filing of the motion for a re-hearing or review of the judgment, was not an appearance or waiver of notice. If the court had set aside the judgment, or granted a re-hearing, *then* appellee would be estopped from pleading no jurisdiction, but his motion was *overruled*, and the authorities cited for appellant do not apply.

ENGLISH, C. J.   On the petition of Daniel Wylds as administrator of the estate of Mary Wylds, deceased, a transcript of the record of an allowance in the Probate Court of St. Francis County against said estate, in favor of Margaret E. Baskins, was removed by *certiorari* into the Circuit Court of that county, and the judgment of allowance quashed, and the claimant appealed to this court.

1. ADMINIS-<br>TRATION:<br>Claim al-<br>lowed at<br>wrong term<br>without<br>notice.

It appears from the transcript of the record of the Probate Court, returned by the clerk upon the *certiorari*, that on the eleventh day of December, 1874, Margaret E. Baskins presented for allowance to Daniel Wylds, as administrator of the estate of Mary Wylds, deceased, an itemized open account for $847, verified by an agent, the claim being for the annual rent of twenty-five acres of land for four years, 1868 to 1871, both included, with interest added; and the administrator rejected the same.

That on the same day the claim was rejected (eleventh December, 1874,) the claimant caused a notice to be served

by the Sheriff upon the administrator, that she would pre-
sent the claim for allowance at the next term of the Pro-
bate Court, and on the first day of the term, or as soon
thereafter as she could be heard.

The act of January 7, 1875, provided that the Probate
Court of St. Francis County should be held on the third
Mondays in January, April, July and November. (*Acts
of 1874–5, p. 82.*)  So the time for holding the first term
of the court after the notice was given, was the third Mon-
day of January, 1875, and the claim, under the notice,
should have been presented for allowance at that term.
*Gantt's Digest, sec. 112.*

But it appears from the transcript that the claim was not
filed in the clerk's office until the twenty-fourth of Novem-
ber, 1875, and not presented to the court for allowance until
the second day of its January term, 1876, and it is not
shown, or claimed, that any notice was given other than
the original, which appears to have been returned and filed
by the Sheriff on the fifteenth of March, 1875.

The record entry of the allowance of the claim, made on
the eighteenth of January, 1876, follows:

"Now on this day was presented the claim of Margaret
E. Baskins against the estate of Mary Wylds, deceased, for
rents of a certain piece of land for four years, say from 1868
to 1871 inclusive, with interest thereon, aggregating the
sum of eight hundred and forty-seven ($847) dollars, which,
it appears, had been presented to the administrator of said
estate, and by him indorsed, ' presented, and not allowed.'
The court being duly advised, and the premises considered,
doth allow the said claim as of the fourth class."

The transcript further shows that, on the seventh day of
February, 1876, the administrator filed a motion, asking the
court to reconsider its decision allowing the claim, on the
ground that the claim was unjust, and the allowance of it
illegal and contrary to law.   That on the next day the par-

ties appeared by their attorneys, the court overruled the motion, and the claimant prayed an appeal to the Circuit Court, which was granted; but it seems the appeal was not prosecuted.

The statute provides that: " If any executor or administrator shall refuse to allow any claim or demand against the deceased, after the same may have been exhibited to him in accordance with law, such claimant may present his claim to the Probate Court for allowance, giving the executor or administrator ten days' notice of such application to the court." *Gantt's Digest, sec. 112, etc.*

In *Pennington's Adx. v. Gibson, 6 Ark., 450,* it was said that the statute was imperative, that the claimant should give the administrator ten days' notice of the application, and that in the absence of such notice, or a waiver of it, the Probate Court was not authorized to take jurisdiction of the person of the administrator.

It would be unsafe for estates of deceased persons, and a disregard of the statute, to permit a claimant to give notice to an administrator that he would present a claim to the Probate Court for allowance, at its next term, and then not only fail to file or present it at that term, but to present it at a subsequent term, without further notice, and obtain its allowance, as in this case. It would be unreasonable to require the administrator to appear, not only at the term indicated in the notice, but at repeated subsequent terms, to watch for the presentation of the claim.

If the claim is not filed, nor presented to the court for allowance at the term indicated in the notice, fair practice and justice require that a new notice should be given.

The case is distinguishable, in several respects, from that of *Borden v. State, 11 Ark., 519.* In that case, which was an action on a Sheriff's bond, a judgment of allowance, by a Probate Court, against an estate, was offered in evidence.

Baskins v. Wylds, Ad.

The judgment, on its face, showed that the Probate Court had jurisdiction of the subject-matter, but was silent as to notice to, or appearance by, the executor. This court held that the Probate Court, being in its judicial sphere a court of general jurisdiction, and its jurisdiction of the subject-matter appearing, notice to the executor would be presumed, when the validity of the judgment was questioned, as in that case, collaterally, and not in a direct proceeding to review it.

In this case it appears that the Probate Court had jurisdiction of the subject-matter, but the facts disclosed by the transcript of the record, preclude a presumption that it had jurisdiction of the person of the administrator, and the validity of the judgment of allowance is not questioned collaterally, but directly, in one of the modes of appellate review provided for by the Constitution, and a statute. *Constitution, art. 7, sec. 14, Gantt's Dig., sec. 1196.*

2. CERTIO-RARI:
No substitute for appeal.
The writ of *certiorari* can not be used by the Circuit Courts, in the exercise of their appellate power and superintending control over inferior courts, for the mere correction of errors, as a substitute for appeal, but where it appears upon the face of the record of the inferior court that it has no jurisdiction of the subject-matter, or of the person; its judgment may be quashed, on *certiorari*, by the Circuit Court.

3 PRACTICE:
Appearance.
It is submitted by counsel for appellant, that the filing of the motion for reconsideration was an appearance to the suit in the Probate Court, and a waiver of notice by the administrator.

Had the administrator appeared and done any substantive act in the cause before judgment, it would have been a waiver of notice. *State Bank v. Walker, 14 Ark., 234; Rogers v. Conway, 4 ib., 70; Kimble et al. v. Merrick, 20 ib., 12.*

In *Pennington's Adx. v. Gibson, sup.,* where the allowance was made without notice to the administratrix, and she appeared on a subsequent day of the term, and moved the court to set aside the judgment, and continue the cause, and the motion was sustained by the court, it was held that notice was thereby waived.

But in this case the motion to set aside the judgment was overruled, and this court has never decided that where a judgment is entered against a person without notice, or waiver, and he afterwards files a motion to set it aside, which is overruled, that the filing of the motion is an appearance to the suit, and waiver of notice.

The judgment of the Circuit Court quashing the judgment of allowance of the Probate Court must be affirmed; and the claim of appellant must be regarded as simply on file in the Probate Court for adjudication anew, and if there be any merit in it, she may, on proper notice to appellee, further prosecute her suit for allowance.