CHEVROLET MOTOR COMPANY *v.* LANDERS CHEVROLET COMPANY.

Opinion delivered April 20, 1931.

672

*Barber & Henry* and *Troy W. Lewis,* for appellant.

KIRBY, J., (after stating the facts). The statute authorizes the circuit court to issue writs of certiorari (§ 3237, Crawford & Moses' Digest); but in *Baskins* v. *Wylds,* 39 Ark. 347, this court said:

"The writ of certiorari cannot be used by the circuit courts, in the exercise of their appellate powers and superintending control over inferior courts, for the mere correction of errors, as a substitute for appeal, but when it appears upon the face of the record of the inferior court that it has no jurisdiction of the subject-matter, or of the person, its judgment may be quashed, on certiorari, by the circuit court." See also *Miller* v. *McCullough,* 21 Ark. 426; *Burgett* v. *Apperson,* 52 Ark. 213, 12 S. W. 559; *Knight* v. *Creswell,* 82 Ark. 330, 101 S. W. 754, 118 Am. St. Rep. 74; *Beal-Doyle D. G. Co.* v. *Odd Fellows,* 109 Ark. 77, 158 S. W. 955.

Our statutes provide how service of summons may be had upon corporations created by the laws of this State, and where such actions may be brought. Sections 1147, 1152 and 1171, Crawford & Moses' Digest.

The record herein shows appellant is a corporation created by the laws of this State, having its principal office or place of business in Little Rock, Pulaski County, Arkansas, in which its chief officers also reside; and that it does not keep or maintain in Fulton County, where this suit was brought, "a branch office or any other place of business," and had no such office or place of business in that county at the time service was attempted to be made.

Appellant appeared specially for the purpose and moved to quash the service of summons, but the court overruled its motion and rendered judgment by default against it. These facts are all alleged in the petition

for certiorari, to which a general demurrer was filed and also an answer admitting appellant was a domestic corporation with its principal place of business in Little Rock, Pulaski County, Arkansas.

The court in passing upon the petition appeared to think that, if the court had jurisdiction of the subject-matter, then the only question for determination was the sufficiency of the summons, expressing the view that if the summons was insufficient even, appellant's remedy would be by appeal and not certiorari, and denied the petition and affirmed the judgment.

This holding was erroneous, since appellant had the right to resort to the remedy of certiorari provided by the statute in such cases for the relief of void judgments, and was not compelled to appeal from such judgment, since under our holdings such appeal, without regard to the result of the determination, would enter its appearance to the suit. Since the record shows the justice acquired no jurisdiction to hear and determine the cause on the service of summons, it should have quashed the service and dismissed the suit upon appellant's motion duly made.

The judgment rendered without service upon appellant company was void, and the circuit court erred in not so holding upon appellant's petition for certiorari and quashing such judgment. The judgment is accordingly reversed, and the cause remanded with directions to the circuit court to quash the judgment of the justice court against appellant company, being void for want of proper service. It is so ordered.