ROACH v. HENRY.

4-2939

Opinion delivered January 30, 1933.

*John Baxter,* for appellant.

*W. W. Grubbs,* for appellee.

MEHAFFY, J. The Northwest Engineering Company, a foreign corporation, brought suit in Chicot Circuit Court on September 6, 1932, against the petitioner, T. W. Roach, and on the same day a combined summons and attachment was issued against Roach, and at the same time a bond was filed and a writ of garnishment issued against Sternberg Company, Incorporated, a foreign corporation doing business in Arkansas. The writ of garnishment was served on the same day the complaint was filed.

The petitioner states that the only question to determine is one of jurisdiction. It is his contention that there

was no suit actually commenced at the time the garnishment was issued, and that the garnishment is therefore void.

A civil action is commenced by filing in the office of the clerk of the proper court a complaint, and causing a summons to be issued thereon. This was done on September 6, 1932. Complaint was filed, and summons issued thereon.

The summons, however, was not served on Roach, but the respondent says that, under the allegations of the complaint and statements by counsel for plaintiff, which are not denied, at the time the complaint was filed and summons issued, Roach was engaged in levee work in Chicot County, and that before and since the filing of the suit Roach had been in the county from time to time. If Roach was in the county, as alleged by the respondent, where he could have been served, and the complaint was filed and summons issued thereon as alleged, action was begun on September 6, in accordance with § 1049 of Crawford & Moses' Digest. The mere fact that the defendant was not served would not render the garnishment void.

We have held repeatedly that there must be a strict compliance with the requirements imposed by statute in order that the garnishment proceedings may be sustained, but conversely such a compliance with the statute is sufficient. *Missouri Pacific Rd. Co.* v. *McLendon,* 185 Ark. 204, 46 S. W. (2d) 626.

We think the statute was complied with, if the statements of respondent are true, and they are not denied. Moreover, as to whether the court had jurisdiction of the person of the defendant under the circumstances and facts in this case would have to be tried and determined by the trial court.

"It is well settled that, if the existence or nonexistence of jurisdiction depends on contested facts, which the inferior court is competent to inquire into and determine, a writ of prohibition will not be granted, although the superior court should be of the opinion that the claims of fact had been wrongfully determined by the lower

court, and, if rightfully determined, would have ousted the jurisdiction." *Mechanics' & Planters' Bank* v. *Hammock*, 178 Ark. 746, 12 S. W. (2d) 421.

On September 13 an affidavit was filed by the plaintiff for a warning order, and a warning order was issued on that day. This, however, was not necessarily an abandonment of the effort to get personal service. A man might be a resident of the county and still evade personal service.

When the plaintiff filed an affidavit and secured a warning order, he might still have intended to get personal service, but sought and obtained a warning order because he thought the defendant might evade service.

On December 3, 1932, the petitioner, Roach, filed a motion in the Chicot Circuit Court to quash the garnishment proceeding on the ground, first, as alleged by the petitioner, that plaintiff had filed its complaint in the circuit court on September 6, and that on said date a summons was issued, and also a garnishment was issued; second, that the sheriff failed to find Roach in Chicot County, and served the summons on a Mr. Grant, who was in charge of some equipment for Roach; third, that on September 13, 1932, plaintiff's attorney made and filed an affidavit for warning order for Roach; fourth, that Roach is a resident of the city of Memphis, and has never been a resident of Chicot County, and, fifth, that the garnishment proceeding was void because no suit was actually pending when the garnishment was issued.

As we have already said, under the facts stated by the respondent, which are not denied, the filing of the complaint and issuing of the summons on September 6 was the commencement of the suit.

Thereafter, on December 3, 1932, the petitioner filed a motion to quash the proceeding without limiting his appearance to that motion, and thereby entered his appearance generally.

The writ of prohibition is therefore denied.