CHAPMAN & DEWEY LUMBER CO. *v.* MEANS.

4-4165

Opinion delivered December 23, 1935.

*Gordon E. Young,* for petitioner.

*F. D. Goza,* for respondent.

BUTLER, J.   On August 8, 1935, T. O. and R. O. Bell sued the Chapman & Dewey Lumber Company in the Hot Spring Circuit Court for an alleged balance due upon a contract.   Summons was issued addressed to the sheriff of Craighead County, Arkansas, to be served upon T. G. Stayton, the designated agent for service of the defendant company which was alleged to be, and is in fact, a foreign corporation.   On the same date an affidavit and bond in attachment was filed in the said court, it being alleged in the complaint that the defendant had property belonging to it and debts owing to it in Hot Spring County.   On August 20, 1935, the sheriff of Craighead County returning said summons stating in the return that he had made diligent inquiry for T. G. Stayton, the designated agent, and that the said Stayton was not a resident of Craighead County.   On the receipt of this return and the filing thereof in the office of the clerk of the court, two summons were issued in the said cause on August 31, 1935, directed to the sheriff of Pulaski County to be served on the Auditor and Secretary of State, respectively.   These were duly served and returned, and on the first day of the October term of the circuit court of Hot Spring County the defendant appeared specially in said cause and filed its written motion to quash the process, affidavit and bond for attachment alleging that the defendant was a foreign corporation with T. G. Stayton of Poinsett County as its regular designated agent for service in this State, that it had no branch office or place

of business in Hot Spring County, that none of its officers resided, or were served, in said county, and that it had no property or debts owing to it therein.

The attorneys for plaintiffs and defendant entered into a stipulation of fact to govern the court in its decision upon the defendant's motion to quash. This stipulation recited the filing of the suit, issuance of the summons and the returns thereon which have heretofore been noticed. It was further stipulated that the articles of incorporation of the defendant company, filed in the office of the Secretary of State, designated the residence of T. G. Stayton, the designated agent to be Jonesboro, Craighead County, Arkansas; that the records in the office of the Secretary of State showed that the defendant corporation had conformed with § 1827 of Crawford & Moses' Digest, by filing its resolution adopted by its board of directors consenting that service of process might be had upon any agent of such company in the State or upon the Secretary of State. It was also agreed that at the time of the filing of the complaint and issuance of summons, and at all times thereafter, T. G. Stayton was a resident of Poinsett County, Arkansas, and that service could have been had upon him in said county. It was finally agreed that the defendant has no branch office or place of business in any county of the State of Arkansas except Poinsett, and that none of its officers or agents reside in Hot Spring County.

The trial court overruled the motion to quash and plea to its jurisdiction, whereupon the defendant filed its petition in this court for a writ of prohibition to restrain the Hot Spring Circuit Court and Hon. H. B. Means, its judge, from further proceedings in said cause.

The contention of the petitioner is that, since it had named T. G. Stayton as its designated agent, it was necessary that service be had upon the agent, and that, although the residence and address of the agent was not correctly given, the plaintiffs had such information as would enable them to have the process served on the agent in Poinsett County.

The applicable statute relating to service upon foreign corporations doing business in the State is found in

§ 1827 of Crawford & Moses' Digest. Under its provisions two methods for service are provided: One, upon any agent of the company, and the other, by service of process upon the Secretary of State. The requirement for service upon any agent is not the exclusive method, but, as we interpret the language used in the section, *supra*, service of process may be had on either an agent or the Secretary of State. Therefore the service in this case had upon the Secretary of State is sufficient.

The question then is, in what counties may the action be prosecuted? It appears that an attachment has been sued out in the circuit court of Hot Spring County. If the attachment has been properly sued out, a question we do not now decide, and property of the defendant is found in Hot Spring County upon which the attachment may be levied, then, under the provisions of §§ 502 and 1174 of Crawford & Moses' Digest, the action may be maintained at least to the extent of an action *in rem*. As it has been admitted that the corporation maintains no office or place of business in Hot Spring County, and none of its officers or agents reside therein, § 1152 of Crawford & Moses' Digest has no application.

The question of whether there is such property or debts is one of fact to be determined by the trial court, and the remedy of defendant company from an adverse holding, if it feels aggrieved, is by appeal to this court. It is true that it has been frequently decided that no matter how erroneous a decision of a trial court as to its jurisdiction of the person, an appeal to this court serves to enter the appearance of the defendant, and the trial court has jurisdiction on remand because of that. *Benjamin* v. *Birmingham*, 50 Ark. 433, 8 S. W. 183; *Waggoner* v. *Fogleman*, 53 Ark. 181, 13 S. W. 729; *Adams Mach. Co.* v. *Castleberry*, 84 Ark. 573, 106 S. W. 940; *Merrimac Mfg. Co.* v. *Bibb*, 119 Ark. 443, 178 S. W. 403; *Duncan Lbr. Co.* v. *Blaylock*, 171 Ark. 397, 284 S. W. 15; *Purnell* v. *Nichol*, 173 Ark. 496, 292 S. W. 686; *Federal Land Bank* v. *Gladish*, 176 Ark. 267, 2 S. W. (2d) 696. This is a procedural rule which we may alter or abolish if it should appear that we were originally mistaken. It does not have the binding effect, under the rule *stare decisis*, as

would a rule of substantive law which this court has announced. It has always appeared to be anomalous that where a trial court has no jurisdiction of the person, and where that fact is suggested to it, an appeal from the trial court's adverse decision serves to give it the jurisdiction which in the first instance it did not have, notwithstanding the fact that through every step of the proceeding its jurisdiction was protested.

In the following cases, *Crow* v. *Futrell,* 186 Ark. 926, 56 S. W. (2d) 1030; *Terry* v. *Harris,* 188 Ark. 60, 64 S. W. (2d) 82; *LaFargue* v. *Waggoner,* 189 Ark. 757, 75 S. W. (2d) 235; *Sparkman Hardwood Lbr. Co.* v. *Bush,* 189 Ark. 391, 72 S. W. (2d) 527, we have held that where the jurisdiction of a trial court depends upon a question of fact, a writ of prohibition will not lie. This appears to be the situation in the instant procedure, and the writ will therefore be denied.