Simms Oil Company *v.* Jones, Judge.

4-4265

Opinion delivered February 10, 1936.

*Mahony & Yocum,* for petitioner.

*Homer T. Rogers* and *L. B. Smead,* for respondent.

Baker, J. This action is a petition by the Simms Oil Company praying that a writ of prohibition issue to prevent Gus W. Jones, Judge of the Second Division of the Ouachita Circuit Court, from taking and exercising jurisdiction in the case of J. H. Waters, plaintiff, against Simms Oil Company, defendant, filed in that court, and proceeding as No. 3969 upon its docket.

The suit of *Waters* v. *Simms Oil Company* was filed on the 27th day of June, 1935. It was to recover damages for personal injuries alleged to have been suffered by the plaintiff while employed by the defendant on the 6th day of August, 1934, in Union County.

Summons was issued upon the filing of this suit, and was served on George M. Armistead as agent for service, and service was had in Pulaski County. There appears to have been no other agent, officer, or person representing the defendant in Ouachita County. It is undisputed that until a short time prior to the filing of this suit the Simms Oil Company had been engaged in business in Ouachita County, as owner and operator of several oil wells. It was also engaged in business in Union County where it had, with other property, a large warehouse and maintained an office therein.

Upon a motion to quash service in this case, filed by the Simms Oil Company, it was shown that a short time

before the filing of this suit, on or about June 15, the Simms Oil Company had transferred all of its property to the Tide Water Oil Company, and to the Simms Company, a new corporation which had been formed to take over such property as was not wanted or desired by the Tide Water Oil Company. Some deeds were made or executed on or about June 15th, but, not being satis-. factory in some respects, other and later transfers were executed and delivered, transferring the same property of the Simms Oil Company. Some of these later conveyances were made after the institution of the suit.

Among other exhibits tendered was a deed from the Simms Oil Company to the Simms Company, dated July 15, 1935, recorded in the recorder's office in Ouachita County, and a later deed by the Simms Oil Company to the Simms Company dated August 29, 1935, and also recorded in Ouachita County.

It is also stipulated that the Simms Oil Company filed a certificate of withdrawal from the State in the office of Secretary of State July 15, 1935, and until that date that the Simms Oil Company was a foreign corporation, duly authorized to transact business in Arkansas, and that George M. Armistead was the agent designated for service in the State.

We think it is unnecessary to give a more detailed statement of the controversy presented here; that it suffices to say that considerable evidence was offered on the motion to quash the service of summons, which motion was filed by the petitioner, entering its appearance solely for that purpose. The court overruled the motion to quash, and on that account this court is asked to issue the writ of prohibition.

The suit of Waters against the oil company is a transitory action, which may be filed and prosecuted at any place where proper service of summons can be had. This is a case wherein the jurisdiction of the circuit court must depend and be determined by the trial court upon facts to be developed in that court. The factors entering into this question are not apparent upon the face of the record, but arise necessarily upon the presen-

tation by evidences of certain factual conditions. Service may be had under these statutes.

Section 1151 of Crawford & Moses' Digest is as follows: "Where the defendant is a foreign corporation having an agent in this State, the service may be upon such agent."

Section 1152 is as follows: "Any and all foreign and domestic corporations who keep or maintain in any of the counties of this State a branch office or other place of business shall be subject to suits in any of the courts in any of said counties where said corporations so keeps or maintains such office or place of business, and service of summons or other process of law from any of the said courts held in said counties upon the agent, servant or employee in charge of said office, or place of business shall be deemed good and sufficient service upon said corporations and shall be sufficient to give jurisdiction to any of the courts of this State held in the counties where said service of summons or other process of law is had upon said agent, servant or employee of said corporations."

Section 1174, Crawford & Moses' Digest, is as follows: "An action, other than one of those mentioned in §§ 1164, 1165, against a nonresident of this State, or a foreign corporation, may be brought in any county in which there may be property of or debts owing to the defendant."

If, in the development of this case, it shall appear, from such facts as may be established, that the court has jurisdiction, the trial will, of course, proceed to a judgment. On the other hand, should it be determined from such facts that the court is without jurisdiction, the action will be dismissed. We do not say that the facts presented here are in dispute as between the parties, but the legal effect of such facts are in sharp controversy.

We have held in several cases, the most recent of which is the case of *Chapman & Dewey* v. *Means*, 191 Ark. 1066, 88 S. W. (2d) 29, that we would not undertake to determine facts upon petitions for writ of prohibition. A well-considered case, *Arkansas Democrat* v. *Means*,

190 Ark. 948, 82 S. W. (2d) 256, quotes with approval the announcement of this court in the case of *Finley* v. *Moore,* 74 Ark. 217, 85 S. W. 238: "If the existence or nonexistence depends on contested facts which the inferior tribunal is competent to inquire into or determine, a prohibition will not be granted, though the superior court should be of opinion that the questions of fact have been wrongfully determined by the court below, and, if rightly determined, would have ousted the jurisdiction."

We also approved this same rule of practice in the case of *Equitable Life Assurance Society* v. *Mann,* 189 Ark. 751, 75 S. W. (2d) 232. This case is not essentially different in principle from either of the cases above cited.

We think also that the case of *Sydeman Bros., Inc.,* v. *Wofford,* 185 Ark. 775, 49 S. W. (2d) 363, is authority applicable to the situation that prevails here. Simms Oil Company is making an effort to leave the State. It has the right to do so. However, it may be sued in the State for its obligations when properly served with process as may be determined by facts presented.

If the trial court errs in a determination of jurisdiction upon the facts, that matter may then properly come to us for review upon appeal, but cannot be presented on this petition.

The writ of prohibition will therefore be denied.