SAFEWAY CAB & STORAGE COMPANY *v.* KINCANNON, JUDGE.

4-4372

Opinion delivered July 13, 1936.

*Hardin & Barton* and *R. S. Wilson*, for petitioners.
*R. E. Hough*, for respondent.

McHANEY, J. Petitioner, Safeway Cab & Storage Co., hereinafter called the company, is a corporation with its only office and place of business in Fort Smith, in Sebastian county, Arkansas. The other petitioners are stockholders and officers of said corporation and all live in Fort Smith. All the petitioners were sued in the Crawford Circuit Court by one Simpson for alleged per-

sonal injuries resulting to him from a collision between the automobile in which he was riding and a taxicab owned by the company and driven by its servant. Service was had on the company in Crawford county by delivering a copy of the summons to a taxi driver of the company, under the provisions of act No. 70 of the Acts of 1935. Service was had on the individual petitioners in Sebastian county.

Petitioners appeared specially in the Crawford Circuit Court and filed a motion to quash the service upon them for want of jurisdiction of the persons of petitioners. This motion was overruled, and this original action is brought in this court for a writ prohibiting the court from proceeding further in the premises.

Section 1 of said act 70 reads as follows: "When the defendant is the owner or the operator of any motor bus or buses, motor coach or coaches, or motor truck or trucks, engaged in the business of carrying and transporting either passengers, freight, goods, wares or merchandise over any of the highways of this State, the service of summons may be had upon any such owner or operator by serving same upon any clerk or agent of such owner or operator selling tickets or transacting any business for such owner or operator, or may be upon any driver or chauffeur of any bus, coach or truck being operated or driven by such driver or chauffeur as a servant, agent or employee of any such owner or operator, and service so had upon the agent or agents of any such owner or operator or had upon any such chauffeur or driver of any such bus, coach or truck being operated or driven by such driver or chauffeur as a servant, agent or employee of any such owner or operator shall be deemed and considered as good and valid service upon such owner or operator whether such owner or operator be a person, firm or corporation."

It is contended by the company that its business is that of operating taxicabs for hire, and that a taxicab is neither a "motor bus," "motor coach" or "motor truck," as said terms are used in said act, and that, therefore, the service had upon its taxi driver in Crawford county is invalid, because not authorized by said

act. We pretermit a discussion of that question at this time. The trial court is a court of general jurisdiction and the subject-matter of the action is within its original jurisdiction. Whether the court has jurisdiction of the persons of the petitioners is a question that may be determined on appeal, if the court is, in fact, without such jurisdiction. Whether a taxicab is such a conveyance as is referred to in said act No. 70 may depend upon a question of fact, to be determined, in the first instance, by the trial court. In this respect the question is ruled by the recent case of *Robinson* v. *Means, ante* p. 816, 95 S. W. (2d) 98, where all the prior recent cases are collected. We there said: "Probably in most instances the facts upon which jurisdiction may rest or be determined are controverted. In other instances, they might be controverted, that is to say, there is the possibility of the facts being disputed. In either event, the matter is one that must be determined by the trial court, and in the proper exercise of the trial court's functions we do not interfere by prohibition. We might differ most seriously from the view taken by the trial court, but if we think the trial court erred, we can correct that only upon appeal."

If petitioners preserve their objections to the jurisdiction of their persons in the trial of this cause, and an adverse verdict and judgment go against them or either of them, then, if erroneous, it may be corrected on appeal. *Robinson* v. *Means, supra; Chapman & Dewey Lbr. Co.* v. *Means,* 191 Ark. 1066, 88 S. W. (2d) 829.

The writ will be denied.