PEOPLES MEDICAL PROTECTIVE ASSOCIATION v. BRANCH.

4-6367                    151 S. W. 2d 981

Opinion delivered June 9, 1941.

*Hardin & Barton* and *Bob Bailey,* for appellant.

*Caudle & White,* for appellee.

SMITH, J. This suit is predicated upon breach of a contract between appellant and appellee. Just what appellant is, and how organized and operated, does not appear, but on June 7, 1938, appellee made written application for membership in the association. The application contained the recital: "I authorize and direct

my employer (whose name was not stated) to deduct from my gross earnings $2 per month, beginning one month from the date of this application, and to pay the same to W. G. Stiles, as agent and attorney in fact for the association." This application was apparently intended to authorize any person employing the applicant to pay the association dues of $2 per month. Upon this application there was issued to Branch, the appellee here, a certificate of membership, which entitled him to certain hospital services and medical attention.

A complaint was filed in the court of a justice of the peace, alleging a breach of the obligations of this certificate of membership. The summons which issued was served by the constable on "C. Wyss, agent of defendant at said C. Wyss's office in Ola, Yell county, Arkansas." C. Wyss was the secretary and manager of a lumber company by which Branch was employed. The undisputed testimony is to the effect that Wyss was not the agent of the association, and had no connection with it except that Branch's application for membership in the association authorized the lumber company, as his employer, to deduct and remit $2 per month of his wages to the association.

The association appeared specially before the justice of the peace and moved to quash the service of the summons, and when that motion was overruled an answer was filed, reserving the question of the sufficiency of the service, in which answer liability on the certificate of membership was denied. Judgment was rendered by the justice of the peace for the amount sued for, from which the association appealed, reserving the question of the sufficiency of service of process. There is a sharply disputed question of fact whether the appeal was perfected within the thirty days allowed by law for that purpose. While that question was before the circuit court, application for a writ of certiorari was prayed, upon the ground that the judgment of the justice of the peace was void for want of service. The circuit court held that the appeal had not been perfected in time, and on November 27, 1940, denied the application for certiorari, and this appeal was perfected February 10,

1941. Pending final order, the cases were consolidated in the circuit court.

If the judgment of the justice of the peace court was rendered without service—as we think it was—it becomes unnecessary to decide whether the appeal was perfected in time.

It had long been the rule of practice in this state that, if the defendant questioned the sufficiency of the service of the process by which he had been brought into court, and his motion to quash the service was overruled, he might, by an appeal, have the service quashed by showing its insufficiency, but that his appearance was entered when he did so. After citing a number of cases so holding it was said in the case of *Anheuser-Busch, Inc.*, v. *Manion,* 193 Ark. 405, 100 S. W. 2d 672, that: ''By that rule one who has successfully defended his position and has established the fact by appeal that the effort to capture him was wrongful is told that because he struggled to avoid capture he must now surrender. Though he prove the trial court had no jurisdiction of his person, he is remanded to the processes of that court on account of the very fact that he has established the wrongful exercise of those processes. A theory so technical, so inconsistent and anomalous should have no place in modern law. We have heretofore given notice that that matter of procedure was under re-examination as indicative of our purpose to announce a sounder principle. See *Chapman & Dewey Lbr. Co.* v. *Means,* 191 Ark. 1066, 88 S. W. 2d 829; *Robinson* v. *Means,* 192 Ark. 816, 95 S. W. 2d 98; *Safeway Cab & Storage Co.* v. *Kincannon,* 192 Ark. 1019, 96 S. W. 2d 7. There is no rule of property involved, there is no vested right in any rule of procedure held by any litigant. We, therefore, hold appellant has not by appeal entered its appearance, and we overrule that part of the opinions in cases above cited as so holding that an appeal enters appearance.''

The reasons inducing this change of practice apply to suits brought in the court of a justice of the peace as well as to those brought in other courts, and we, therefore, hold that one not served in a suit before a justice of

the peace, who, at all times, questions the sufficiency of the service, and does not waive that question, does not enter his appearance when he appeals from the judgment of the justice holding the service sufficient.

But was the service sufficient? Opposing counsel discuss the case of *Baskins* v. *United Mine Workers of America,* 150 Ark. 398, 234 S. W. 464, where it was held that "An unincorporated association cannot, in the absence of a statute authorizing it, be sued by its society or company name, but all the members must be made parties, since such bodies, in the absence of statute, have no legal entity distinct from that of their members."

We do not know what appellant is. Appellee designates it a benevolent association, which, under the provisions of § 2257, Pope's Digest, may sue and be sued in its corporate name. But, even so, process must be served upon it as required by law.

The certificate of membership, upon which this suit is predicated, is signed "Peoples Medical Protective Association, by W. G. Stiles, its agent and attorney in fact." A reading of the certificate indicates that Stiles is the association, that is, that he is operating under that name. But, even so, Stiles was not served with process. The only service had in this case was upon Wyss, the secretary and manager of the lumber company by which Branch was employed, and the only connection the lumber company has with this litigation is that it was authorized by appellee Branch's application for membership to deduct and remit $2 per month to the association in payment of Branch's monthly dues. Certainly, neither the lumber company nor Wyss as its manager was the agent of the association for purpose of service of process in a suit against the association, so that the case stands as if no service was had.

This being true, the case of *Chevrolet Motor Co.* v. *Landers Chevrolet Co.,* 183 Ark. 669, 37 S. W. 2d 873, applies and governs. There, a defendant not properly served appeared specially for the purpose of quashing the service, which motion was overruled, after which judgment was rendered by default. The defendant in

that case, as in this, filed petition for a writ of certiorari, which there, as here, was denied. The judgment in that case was reversed and the cause was remanded to the circuit court with directions to quash the judgment of the justice of the peace court as being void for the want of proper service.

For the same reasons, the same order will be made here.