TWIN CITY LINES, INC., *v.* CUMMINGS, JUDGE.

4-8416                                206 S. W. 2d 438

Opinion delivered December 15, 1947.

*Harper, Harper & Young,* for petitioner.

*Jeff Duty,* for respondent.

MINOR W. MILLWEE, Justice. This is an original pro-ceeding by petitioner, Twin City Lines, Inc., seeking a writ of prohibition to prevent the Benton Circuit Court from proceeding with trial of an action filed against peti-tioner in that court by Fred Pearce, administrator of the estate of his deceased daughter, Helen Pearce.

The record discloses that on April 10; 1947, the ad-ministrator filed a complaint against petitioner for dam-ages in the injury and death of the said Helen Pearce, deceased, alleged to have resulted from the negligent operation of one of petitioner's buses at Fort Smith, Sebastian county, Arkansas. The complaint further al-leged that both Fred Pearce and Helen Pearce were resi-dents of Benton county, Arkansas, at the time of her death.

Petitioner appeared specially in the Benton Circuit Court on June 6, 1947, and filed its motion to dismiss the complaint for improper venue and to quash the service of summons upon it in the action. The motion alleged that deceased, Helen Pearce, was a resident of the Fort Smith District of Sebastian county, Arkansas, at the time of the accident and at the time of her death, within the meaning of Act 314 of 1939, which provides that such action must be brought either in the county where the accident happened or in the county where the deceased resided at the time of injury or death; that the complaint showed on its face that the accident occurred in the Fort Smith District of Sebastian county; and that the Benton Circuit Court was, therefore, without jurisdiction of the person of petitioner.

At a hearing before the Benton Circuit Court on the motion to quash and dismiss, petitioner offered testimony

to show that Helen Pearce was a resident of Sebastian county at the time of her death, while the administrator-plaintiff offered evidence to show that his daughter resided in Benton county at said time. After hearing this testimony the trial court overruled petitioner's motion to quash the service and dismiss the suit. Petitioner then filed its application in this court for a writ of prohibition and has attached thereto the record of the proceedings in the Benton Circuit Court, including a transcript of the evidence taken at the hearing on the motion to quash and dismiss.

It will be observed that the question as to whether the trial court had jurisdiction of the person of petitioner turns on the fact of Helen Pearce's residence at the time of her death. The fact of deceased's residence at the time of her death is, therefore, a controverted and contested question which the trial court was called upon to determine from the testimony adduced on that issue. This court has repeatedly held that where the jurisdiction of a trial court depends upon a question of fact, a writ of prohibition will not lie. *Crowe* v. *Futrell,* 186 Ark. 926, 56 S. W. 2d 1030; *Terry* v. *Harris,* 188 Ark. 60, 64 S. W. 2d 82; *LaFargue* v. *Waggoner,* 189 Ark. 757, 75 S. W. 2d 235; *Chapman & Dewey Lumber Co.* v. *Means,* 191 Ark. 1066, 88 S. W. 2d 829.

In *Sparkman Hardwood Lbr. Co.* v. *Bush,* 189 Ark. 391, 72 S. W. 2d 527, this court said: "The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. When the court has jurisdiction over the subject-matter and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error, and prohibition is not the proper remedy. *Order of Ry. Conductors of America* v. *Bandy,* 177 Ark. 694, 8 S. W. 2d 448; *Merchants' & Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. 2d 421; *Lynch* v. *Stephens,* 179 Ark.

118, 14 S. W. 2d 257; *Roach* v. *Henry*, 186 Ark. 884, 56 S. W. 2d 577; *Crowe* v. *Futrell*, 186 Ark. 926, 56 S. W. 2d 1030.''

Petitioner argues that the circuit court placed the wrong construction on the testimony which was introduced at the hearing on its motion to quash and dismiss, and says that the facts are undisputed that deceased was a resident of Sebastian county, Arkansas, at the time of her death. We do not regard the testimony as to deceased's residence as being wholly undisputed and certainly the legal effect of such facts is a matter that is highly controversial. In *Robinson* v. *Means, Judge,* 192 Ark. 816, 95 S. W. 2d 98, Justice BAKER, speaking for the court, said. ''Probably in most instances the facts upon which jurisdiction may rest or be determined are controverted. In most other instances they might be controverted, that is to say, there is the possibility of the facts being disputed. In either event the matter is one that must be determined by the trial court, and in the proper exercise of the trial court's functions we do not interfere by prohibition. We might differ most seriously from the view taken by the trial court, but if we think the trial court erred, we can correct that only upon appeal.''

In the case of *Simms Oil Co.* v. *Jones, Judge,* 192 Ark. 189, 91 S. W. 2d 258, the court said: ''We do not say that the facts presented here are in dispute as between the parties, but the legal effect of such facts is in sharp controversy.

''We have held in several cases, the most recent of which is the case of *Chapman & Dewey Lumber Co.* v. *Means,* 191 Ark. 1066, 88 S. W. 2d 29, that we would not undertake to determine facts upon petitions for writ of prohibition. A well-considered case, *Arkansas Democrat* v. *Means,* 190 Ark. 948, 82 S. W. 2d 256, quotes with approval the announcement of this court in the case of *Finley* v. *Moose,* 74 Ark. 217, 85 S. W. 238, 109 Am. St. Rep. 74; 'If the existence or nonexistence of jurisdiction depends on contested facts which the inferior tribunal is competent to inquire into or determine, a prohibition will not be granted; though the superior court should

be of opinion that the questions of fact have been wrongfully determined by the court below, and, if rightly determined, would have ousted the jurisdiction.' "

The holding in the case of *Robinson* v. *Means, supra,* was reaffirmed in the case of *Safeway Cab & Storage Co.* v. *Kincannon, Judge,* 192 Ark. 1019, 96 S. W. 2d 7, where the court said: "If petitioners preserve their objections to the jurisdiction of their persons in the trial of this cause, and an adverse verdict and judgment go against them or either of them, then, if erroneous, it may be corrected on appeal."

It, therefore, appears that petitioner has an adequate remedy by appeal from the order of the trial court overruling the motion to quash and dismiss. There was a time when the remedy by appeal could not be said to be an adequate one. Under many of our earlier decisions it was held that an appeal to this court served to enter the appearance of a defendant, no matter how erroneous the decision of a trial court might prove to be on a question as to its jurisdiction of the person. This technical and unreasonable rule of procedure was severely criticized by Justice BUTLER, speaking for the court, in *Chapman & Dewey Lumber Co.* v. *Means, supra.* The rule was finally abolished and the cases supporting it were directly overruled in *Anheuser-Busch, Inc.* v. *Manion,* 193 Ark. 405, 100 S. W. 2d 672.

Prior to our decision in the recent case of *Twin City Coach Co.* v. *Stewart, Adm'r.,* 209 Ark. 310, 190 S. W. 2d 629, the appellant in that case had applied here for a writ of prohibition adopting the same procedure employed by petitioner in the case at bar. Prohibition was denied in that case on the ground that the record presented a question of fact for determination by the trial court, but the question was preserved and the correctness of the trial court's action on the motion to quash was reviewed on appeal. Petitioner relies on the case of *Norton* v. *Purkins, Judge,* 203 Ark. 586, 157 S. W. 2d 765. The authority and power of this court to grant the writ of prohibition was neither questioned nor discussed in that case. However, in cases involving original proceedings in this

court, we think the question of our jurisdiction and authority to restrain trial courts is one that properly raises itself and that a failure to act in the premises should not be affected by mere silence or consent of the parties.

The circuit judge had a right to determine the question of the residence of the deceased, Helen Pearce, at the time of her death. If the question was determined erroneously, petitioner has an adequate remedy by appeal and prohibition will not lie.

The writ is, therefore, denied.