CAPITAL TRANSPORTATION COMPANY *v*. STRAIT, JUDGE.

4-8577                                         211 S. W. 2d 889

Opinion delivered May 31, 1948.

*House, Moses & Holmes,* for petitioner.

*Geo. W. Shepherd,* for respondent.

ROBINS, J. Petitioner asks us to grant writ of prohibition against Honorable Audrey Strait, Judge of the circuit court of Yell county, directing him to proceed no further with trial of a certain cause pending in said court wherein Thurman L. Ramey, Linda Lee Ramey, Ella Rea Ramey, Inis Ramey, A. C. McCarty and Freddie Joan McCarty are plaintiffs and the petitioner, Capital Transportation Company, and Emerson Williams are defendants. Said suit was brought in the lower court to recover damages alleged to have been sustained by the plaintiffs resulting from a collision which occurred in North Little Rock between an automobile owned and driven by plaintiff, Thurman L. Ramey, and a bus owned by petitioner, Capital Transportation Company, and operated by Emerson Williams as driver. It was averred in the complaint that all of the plaintiffs were residents of Yell county; and the jurisdiction of the Yell circuit court was invoked on that ground under authority of Act 314 of the General Assembly of Arkansas of 1939.

The petition filed in this court shows that the petitioner filed in the lower court a motion to dismiss the complaint, alleging that the injuries occurred in Pulaski county and that all of the plaintiffs were residents of Pulaski county at the time the injuries occurred; and that on January 14, 1948, a hearing was held on this motion, at which eight witnesses testified on behalf of the defendants and seventeen witnesses testified on behalf of the plaintiffs. After hearing this testimony the lower court overruled the motion to dismiss.

A transcript of the evidence introduced on the hearing of this motion is attached to the petition filed in this

court; and from this evidence petitioner argues that it was shown that the plaintiffs were residents of Pulaski county at the time of the collision.

A recital of the testimony at the hearing below is unnecessary. It suffices to say that the record shows clearly that there was an issue of fact presented to the lower court by this testimony. We have frequently held, in cases of this kind, that where there is a contradiction in the testimony presented to the lower court on a motion challenging jurisdiction the writ of prohibition will not be awarded by us; and the party seeking such relief will be remitted to his remedy by way of appeal, should final judgment go against him in the lower court.

In the recent case of *Twin City Lines, Inc.,* v. *Cummings, Judge,* 212 Ark. 569, 206 S. W. 2d 438, we were asked to grant a writ of prohibition against the Judge of Benton circuit court to prevent further proceedings in a suit brought in that court by the father and administrator of the estate of Helen Pearce to recover for injury and death of Helen Pearce which occurred in Sebastian county. In that case, as here, there was a motion to dismiss on the ground that Helen Pearce was, at the time of her injury and death, a resident of Sebastian county. In denying the writ sought in that case we said:

"It will be observed that the question as to whether the trial court had jurisdiction of the person of petitioner turns on the fact of Helen Pearce's residence at the time of her death. The fact of deceased's residence at the time of her death is, therefore, a controverted and contested question which the trial court was called upon to determine from the testimony adduced on that issue. This court has repeatedly held that where the jurisdiction of a trial court depends upon a question of fact, a writ of prohibition will not lie. *Crowe* v. *Futrell,* 186 Ark. 926, 56 S. W. 2d 1030; *Terry* v. *Harris,* 188 Ark. 60, 64 S. W. 2d 80; *LaFargue* v. *Waggoner,* 189 Ark. 757, 75 S. W. 2d 235; *Chapman & Dewey Lumber Company* v. *Means,* 191 Ark. 1066, 88 S. W. 2d 829. In *Sparkman*

*Hardwood Lumber Company* v. *Bush,* 189 Ark. 391, 72 S. W. 2d 527, this court said: 'The office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that shall be done by such usurpation. When the court has jurisdiction over the subject-matter and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its decision that it has jurisdiction, if wrong, is an error, and prohibition is not the proper remedy. *Order of Ry. Conductors of America* v. *Bandy,* 177 Ark. 694, 8 S. W. 2d 448; *Merchants' & Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. 2d 421; *Lynch* v. *Stephens,* 179 Ark. 118, 14 S. W. 2d 257; *Roach* v. *Henry,* 186 Ark. 884, 56 S. W. 2d 577; *Crowe* v. *Futrell,* 186 Ark. 926, 56 S. W. 2d 1030.' Petitioner argues that the circuit court placed the wrong construction on the testimony which was introduced at the hearing on its motion to quash and dismiss, and says that the facts are undisputed that deceased was a resident of Sebastian county, Arkansas, at the time of her death. We do not regard the testimony as to deceased's residence as being wholly undisputed and certainly the legal effect of such facts is a matter that is highly controversial. In *Robinson* v. *Means, Judge,* 192 Ark. 816, 95 S. W. 2d 98, Justice BAKER, speaking for the court, said: 'Probably in most instances the facts upon which jurisdiction may rest or be determined are controverted. In most other instances they might be controverted, that is to say, there is the possibility of the facts being disputed. In either event the matter is one that must be determined by the trial court, and in the proper exercise of the trial court's functions we do not interfere by prohibition. We might differ most seriously from the view taken by the trial court, but if we think the trial court erred, we can correct that only upon appeal.' ''

The rule laid down above is controlling here.

The writ of prohibition will be denied.