PLEASANT VIEW SCHOOL DISTRICT No. 4 *v.* KINCANNON, JUDGE.

4-9124                                                227 S. W. 2d 941

Opinion delivered March 13, 1950.

*John J. Cravens, Jeta Taylor* and *Mark E. Woolsey,* for petitioner.

*Yates & Yates* and *Wilson & Starbird,* for respondent.

ED. F. McFADDIN, Justice. This is an original proceeding in this Court seeking a writ of prohibition to

prevent the Franklin Circuit Court from hearing Cause No. 1100 pending in that court.

## FACTS

Chronologically, these events occurred:

(1) After the adoption of Initiated Act No. 1 of 1948 [1] (considered by us in *Stroud* v. *Fryar, ante,* p. 250, 225 S. W. 2d 23) Pleasant View School District No. 4 of Franklin County (hereinafter called "Pleasant View") was increased by the addition to it of the pupils and territory of six other school districts; but, even with such additions, Pleasant View had only 327 children of school age, according to the figures of the 1948 school enumeration. However, Pleasant View claimed that 54 school children had been omitted from the enumeration, and that with these 54 added, Pleasant View had 381 children of school age and thus was "a large district," as those words were defined in *Stroud* v. *Fryar, supra.*

(2) Accordingly, on May 30, 1949, Pleasant View filed Cause No. 1095 in the Ozark District of the Franklin Circuit Court, naming as defendants the Franklin County Board of Education, the individuals composing such Board, the Franklin County School Supervisor, and the Treasurer of Franklin County. The complaint alleged the facts as stated in paragraph 1, *supra,* and the prayer was for a *writ of mandamus* to compel the defendants to recognize and deal with Pleasant View as "a large district." The cause was set for trial to be conducted on June 6, 1949, in the Court House in Ozark; but the parties to the cause, by consent (which is now claimed to have been secretly made), tried the case before the Circuit Judge in Chambers [2] in Van Buren, Arkansas, and treated affidavits as depositions. The result was that as of June 6, 1949, what purported to be a judgment of the Franklin Circuit Court, Ozark District, was entered of

[1] This Act in its entirety may be found on P. 1414 *et seq.* of the printed Acts of 1949.

[2] It is not necessary to consider here the question of the power of a Circuit Judge to hear causes in chambers or in vacation. Section 22-433 Ark. Stats. 1947 relates only to Chancellors and see *Young* v. *Young,* 201 Ark. 984, 147 S. W. 2d 736.

record, finding that Pleasant View in fact had 381 children of school age as of March 1, 1949, and granting the *writ of mandamus* as prayed. The effect of this purported judgment in Cause No. 1095 was to make Pleasant View "a large district" as defined in *Stroud* v. *Fryar, supra.*

(3) On June 9, 1949—three days after the purported judgment in Cause No. 1095—Cause No. 1100 was filed in the Franklin Circuit Court, Ozark District. The plaintiffs were Ed Morrell and sixty-one other citizens, taxpayers, and patrons in Pleasant View. In effect, the complaint in Cause No. 1100 alleged that the judgment in Cause No. 1095 had been procured by fraud practiced on the Circuit Judge; that the sixty-two plaintiffs had assembled at the Court House in Ozark to be present at the trial on June 6; that the attorneys for the plaintiffs and defendants in Cause No. 1095 had agreed to try the case before the Circuit Judge in chambers to avoid a public hearing; that Cause No. 1095 was in effect a "framed suit" [3] to accomplish a desired result; and that Pleasant View in fact had only 327 children of school age, and at all times was "a small district" within the purview of Initiated Act No. 1 of 1948. The prayer was that the

[3] Among other things, the complaint in Cause No. 1100 contained these allegations:

"That said purported judgment and order of said court is void and of no force and effect for the reason that it is the result of a fraud practiced upon the judge of the court in obtaining said order; . . . that the pretended judgment of the Franklin Circuit Court was the result of said misrepresentation and deception to the judge of said court in chambers in the City of Van Buren, Arkansas; that because of said misrepresentations and fraud upon the trial judge, said pretended judgment is wholly void and without force and effect; . . . in order to avoid their testimony, the attorneys in the case made arrangement by telephone to meet the judge of said court at chambers in the City of Van Buren, Arkansas, and there procured said void and illegal order. That said plaintiffs (in Cause No. 1100) were prevented from appearing as witnesses and from informing the Court of the true state of facts existing by said maneuver on the part of the attorneys in said cause. That these plaintiffs were present at the time and place theretofore set for the trial for the purpose of appearing as witnesses, or, if necessary, to intervene in said cause to protect their rights as patrons of the several districts, but were prevented from so doing by the failure of the court to convene at said time and place and by the illegal transfer of said hearing to the chambers of the judge of said court. That said action in transferring said hearing out of the County constituted a fraud upon the Court and upon the rights of the school patrons of said area."

judgment in Cause No. 1095 be set aside as void and that the plaintiffs have other relief. The defendants named in Cause No. 1100 were all of the plaintiffs and defendants in Cause No. 1095 and also the individuals acting as directors of Pleasant View. The Treasurer of Franklin County was a party defendant in both Cause No. 1095 and 1100 in order that the disbursement of public funds would be affected by the judgment sought in each case.

(4) On September 19, 1949, (a term of the Franklin Circuit Court subsequent both to the purported judgment in Cause No. 1095 and to the filing of the complaint in Cause No. 1100) the directors of Pleasant View demurred to the complaint in Cause No. 1100. The demurrer was overruled the same day, and the cause set for trial on November 14, 1949. Thereupon, Pleasant View and the individuals composing its Board of Directors filed in the Supreme Court this petition for writ of prohibition, seeking to prevent the Ozark District of the Franklin Circuit Court from entertaining any further proceedings in Cause No. 1100.

The petitioners, in their briefs now before us, argue:

(a) That Cause No. 1100 is an attempt to attack the corporate existence of Pleasant View, and that *quo warranto* brought by the State is the only available remedy for such an attack;

(b) That Cause No. 1100 is an attempt by individuals to oust the directors of Pleasant View, and that only the State can institute ouster proceedings;

(c) That the term of the Ozark District of the Franklin Circuit Court, in which the purported judgment was entered in Cause No. 1095, lapsed on the opening of the new term on September 19, 1949; and

(d) That prohibition is the proper remedy for petitioners.

## OPINION

We deny the petition for prohibition. The plaintiffs in Cause No. 1100 were not attempting a *quo warranto* proceeding or an ouster proceeding, as claimed by the

petitioners in the case at bar: rather, the plaintiffs in Cause No. 1100 were attempting to vacate the judgment in Cause No. 1095 as procured by a fraud alleged to have been practiced on the Court. The fourth subdivision of § 29-506, Ark. Stats. (1947), permits such an attack. The complaint in Cause No. 1100 was verified as provided by § 29-508, Ark. Stats. (1947), so the lapse of the February, 1949, term becomes immaterial.

The allegations, as to the fraud in the procurement of the judgment in Cause No. 1095, are of such a serious and far-reaching nature that the Franklin Circuit Court should certainly have the right to hear the evidence to be offered in support of such allegations. If the allegations of fraud in the procurement of the judgment be proved false, then the petitioners herein have not been hurt by having all the facts presented to the Court which rendered the judgment so attacked. On the other hand, if the charge of fraud in procurement be found true, then the trial court that rendered the judgment can consider what, if anything, should be done in the premises. The allegation of fraud in the procurement raises a fact question which could not be settled by demurrer.

At all events, a writ of prohibition should not issue in this case for these additional reasons:

(1)   The complaint in Cause No. 1100 presented a fact question as to whether the judgment in Cause No. 1095 was procured by fraud; and we have repeatedly held that the Supreme Court does not "undertake to determine facts upon petitions for writ of prohibition." See *Simms Oil Co.* v. *Jones,* 192 Ark. 189, 91 S. W. 2d 258; *Twin City Lines* v. *Cummings,* 212 Ark. 569, 206 S. W. 2d 438, and *Capital Transportation Co.* v. *Strait,* 213 Ark. 571, 211 S. W. 2d 889.

(2)   The remedy by appeal is entirely adequate as to whatever judgment the Franklin Circuit Court may render in Cause No. 1100, and the writ of prohibition will not issue by this Court if the remedy by appeal be adequate. *Kastor* v. *Eliott,* 77 Ark. 148, 91 S. W. 8; *Macon*

v. *LeCroy*, 174 Ark. 228, 295 S. W. 31; *Safeway Cab & Storage Co.* v. *Kincannon*, 192 Ark. 1019, 96 S. W. 2d 7.

Therefore the writ of prohibition is denied.