MORRELL *v.* HILL, TREASURER.

4-9452                                    237 S. W. 2d 467

Opinion delivered March 19, 1951.

*Yates & Yates* and *Wilson & Starbird,* for appellant.

*Jeta Taylor, John Cravens* and *Mark E. Woolsey,* for appellee.

GEORGE ROSE SMITH, J.   This is an action by sixty-two patrons of Pleasant View School District No. 4 to set aside a judgment by which the Franklin Circuit Court found that on March 1, 1949, the district had at least 350 children of school age and was therefore not automatically dissolved on June 1 of that year.   Ark. Stats. 1947, § 80-426; *Stroud* v. *Fryar,* 216 Ark. 250, 225 S. W. 2d 23. This appeal is from the trial court's refusal to vacate its earlier judgment.

After the above statute was adopted in 1948 this district annexed six other districts in an effort to avert dissolution for want of 350 enumerated pupils. The county board of education took the position that these annexations had not brought the district's student population up to the required number. The district then sued for a writ of mandamus to compel the county board to recognize the fact that the district had complied with the statute. By agreement the case was heard by the trial judge in his chambers at Van Buren, and a judgment was entered granting the writ of mandamus. That is the judgment now under attack.

Three days later the present appellants filed this suit to vacate the judgment for fraud. The gist of their complaint is that the earlier case had been set for trial at Ozark, where some of the appellants were prepared to testify in opposition to the suit, but by fraud the case was wrongfully heard at Van Buren at a time when the court was not lawfully in session. Upon the filing of this complaint the district asked us to prohibit the maintenance of the suit, on the theory that the judgment in the mandamus proceeding had settled the issues adversely to these appellants. We refused to issue a writ of prohibition, holding that the appellants were entitled to be heard upon their allegation that the first judgment had been obtained by fraud. *Pleasant View Sch. Dist. No. 4 v. Kincannon, Judge,* 216 Ark. 843, 227 S. W. 2d 941. That opinion became the law of the case, and it left open for further consideration only the question of whether the original judgment was obtained by fraud.

The court below held that the accusations of fraud were not proved, and we agree with that view. The principal charge of fraud is based upon the fact that the earlier case was tried in chambers at Van Buren instead of in the courtroom at Ozark. But it was within the power of the parties to that suit to agree, as they did, that the cause should be tried in chambers in the county of the judge's residence. Ark. Stats., § 22-362. All that these appellants have shown is that they were interested in the outcome of the earlier case and would have liked

to be heard on the issue of the number of enumerated children in the district. But the appellants were not parties to that case, did not intervene in it, did not employ an attorney to act in their behalf, and did not even communicate their desires to the parties or the attorneys in the case. In view of these circumstances we have no basis for saying that the parties to that suit committed a fraud on the court by agreeing to try it at Van Buren.

It is also said that the original judgment was procured by fraud because the parties introduced affidavits instead of calling the witnesses to testify in person. But this too is a matter that lay within the control of the litigants. Had they chosen they could have agreed upon a statement of facts without even obtaining affidavits. Instead, they agreed to treat the affidavits as depositions. This amounted to nothing more than a waiver of the privilege of cross-examining adverse witnesses. We do not see how the appellants, as strangers to that case, are in a position to criticize the course that the litigants took, much less to say that it was a fraud on the court.

Affirmed.