CLEMENT *v.* WILLIAMS, CHANCELLOR.

5-1264                                            297 S. W. 2d 656

Opinion delivered January 14, 1957.

*Dudley, DuVall & Dudley,* Oklahoma City, Okla.; *Hardin, Barton, Hardin & Garner,* for appellant.

*Williams & Gardner,* for appellee.

ED. F. McFADDIN, Associate Justice. This is an original proceeding for a writ of prohibition against Paul X. Williams, Judge. The background facts are these: in November, 1956, William Hugh Clement filed suit for divorce against June W. Clement in the Danville District of the Yell Chancery Court; and Mrs. Clement was notified by warning order. In due time she entered her special appearance and motion to dismiss the di-

vorce case, claiming that Mr. Clement did not have a *bona fide* domicile in Arkansas; and that he was in fact domiciled in the State of Oklahoma.

There was an extended hearing on this motion to dismiss. Mrs. Clement showed that Mr. Clement filed his income tax return in 1956 listing Oklahoma City as his residence; that he claimed homestead exemptions in Oklahoma in 1956; and that they lived together in Oklahoma until October 22, 1956. She offered other evidence to show that Mr. Clement did not have a *bona fide* domicile in Arkansas, as required by our law.

In resisting the motion to dismiss, Mr. Clement offered a number of witnesses to show that he owned a large farm at Danville; that he had claimed this farm as his home for many years, although he had business addresses in Oklahoma City, Edmond, Oklahoma, and Corsicana, Texas, and other places. He admitted his business address was in Oklahoma City, but stoutly maintained that his domicile was on his farm near Danville in Yell County, Arkansas.

Thus there was presented to the Trial Court the sharply disputed question of whether Mr. Clement had a *bona fide* domicile in the State of Arkansas within the purview of the holding of our cases on domicile in suits for divorce. On sharply conflicting evidence, the Chancery Court held that Mr. Clement had a *bona fide* domicile in Arkansas and denied Mrs. Clement's motion to dismiss. Thereupon Mrs. Clement applied to this Court in the present case for a writ of prohibition to test the correctness of the Trial Court's ruling on the matter of domicile.

We hold that the writ of prohibition should be denied. Appeal, rather than prohibition, is the appropriate remedy to test the correctness of the Court's ruling where the facts are sharply disputed; and appeal is from the final judgment. In the case of *Pleasant View School Dist. No. 4 of Franklin County* v. *Kincannon*, 216 Ark. 843, 227 S. W. 2d 941, we said:

". . . we have repeatedly held that the Supreme Court does not 'undertake to determine facts upon petitions for writ of prohibition.' See *Simms Oil Co.* v. *Jones,* 192 Ark. 189, 91 S. W. 2d 258; *Twin City Lines* v. *Cummings,* 212 Ark. 569, 206 S. W. 2d 438, and *Capital Transportation Co.* v. *Strait,* 213 Ark. 571, 211 S. W. 2d 889."

In *Capital Transportation Co.* v. *Strait, Judge,* 213 Ark. 571, 211 S. W. 2d 889, Mr. Justice ROBINS, speaking for this Court, quoted from the earlier case of *Twin City Lines* v. *Cummings,* 212 Ark. 569, 206 S. W. 2d 438:

" 'The fact of deceased's residence at the time of her death is, therefore, a controverted and contested question which the trial court was called upon to determine from the testimony adduced on that issue. This court has repeatedly held that where the jurisdiction of a trial court depends upon a question of fact, a writ of prohibition will not lie.' "

In *Pleasant View School District* v. *Kincannon,* 216 Ark. 843, 227 S. W. 2d 941, in denying a petition for writ of prohibition, we said:

"The remedy by appeal is entirely adequate as to whatever judgment the Franklin Circuit Court may render in Cause No. 1100, and the writ of prohibition will not issue by this Court if the remedy by appeal be adequate. *Kastor* v. *Eliott,* 77 Ark. 148, 91 S. W. 8; *Macon* v. *LeCroy,* 174 Ark. 228, 295 S. W. 31; *Safeway Cab & Storage Co.* v. *Kincannon,* 192 Ark. 1019, 96 S. W. 2d 7."

Writ denied.